# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-3044
_____

Samuel Lewis Taylor

*Plaintiff - Appellant*

v.

Unknown Hull, Correctional Officer I, Potosi Correctional Center, Officially and Individually; Unknown Milburn, Correctional Officer I, Potosi Correctional Center, Officially and Individually; Unknown Ruble, Correctional Officer I, Potosi Correctional Center, Officially and Individually; Heather Unknown, Corizon, Potosi Correctional Center, Officially and Individually; Unknown Yancy, Corizon, Potosi Correctional Center, Officially and Individually; Troy Steele, Warden, Potosi Correctional Center, Officially and Individually

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: October 29, 2013
Filed: November 4, 2013
[Unpublished]
_____

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Missouri inmate Samuel Taylor appeals from an order of the District Court dismissing his 42 U.S.C. § 1983 complaint without prejudice under 28 U.S.C. § 1915(g), the "three strikes" provision of the Prison Litigation Reform Act. Because Taylor did not have three qualifying "strikes" at the time he filed this appeal, we grant his motion to proceed in forma pauperis in this court.

We also conclude that Taylor did not have three qualifying strikes at the time he filed this action in the District Court. We have reviewed the three cases that the District Court identified as strikes, and only two qualify. See Owens v. Isaac, 487 F.3d 561, 563 (8th Cir. 2007) (per curiam) (reviewing de novo a district court's interpretation and application of § 1915(g)). Specifically, the dismissal of Taylor v. Francis, No. 4:12-cv-613, is not a qualifying strike because only some of the claims asserted were dismissed as legally frivolous, while others were dismissed without prejudice for improper joinder. The plain language in § 1915(g) requires that the entire action be dismissed on one or more of three enumerated grounds, i.e., as frivolous, malicious, or for failing to state a claim. See § 1915(g) (instructing that three-strikes bar applies if a prisoner has on three or more occasions while detained brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failing to state claim); Tolbert v. Stevenson, 635 F.3d 646, 649–55 (4th Cir. 2011) (collecting cases for the proposition that "action" in § 1915(g) unambiguously means the entire case or suit and thus that an inmate's entire "action or appeal" must be dismissed on one or more of the enumerated grounds to count as strike); see also Orr v. Clements, 688 F.3d 463, 466 (8th Cir. 2012) (citing Tolbert for the proposition that "action" under § 1915(g) means "entire 'case' or 'suit'").

Accordingly, we vacate the § 1915(g) dismissal, and we remand for further proceedings.

_____