14-2720-cv
Ladeairous v. Attorney Gen. of N.Y.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand fifteen.

**PRESENT:**
>        PETER W. HALL,
>        RAYMOND J. LOHIER, JR.,
>                *Circuit Judges,*
>        JEFFREY ALKER MEYER,\*
>                *District Judge.*

---

**Joseph Ladeairous, AKA Joseph Michael Ladeairous,**

>        *Plaintiff-Appellant*,

>        v.                                                    **14-2720-cv**

**Attorney General of the State of New York *et al.*,**

>        *Defendants-Appellees*.

---

**FOR PLAINTIFF-APPELLANT:**          Joseph Ladeairous, pro se, Craigsville, VA

**FOR DEFENDANTS-APPELLEES:**          No Appearance

---

\* Judge Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Joseph Ladeairous, proceeding pro se, appeals from the district court's judgment dismissing sua sponte his 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Ladeairous argues that he could have stated a plausible right-to-petition claim. He is incorrect. The defendants' failure to respond to his New York Freedom of Information Law ("FOIL") request did not violate his First Amendment right to petition because "[n]othing in the First Amendment . . . suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications." *Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984); *see also Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236-37 (10th Cir. 2007) (ruling that government's failure to respond to document requests did not deprive litigant of his right to petition). To the extent that Ladeairous argues that the right to petition or the First Amendment generally encompasses the right to access government information, "[n]either the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control." *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978). Thus, the district court properly dismissed this claim without leave to replead.

The district court also properly dismissed Ladeairous's court access and equal protection claims. In dismissing his court access claim, the district court properly considered court

documents, which demonstrated that the complaint's allegation of actual injury was false because Ladeairous's other litigation was dismissed for failure to submit an *in forma pauperis* application or pay the filing fee, *see Ladeairous v. Holder*, 574 F. App'x 3 (D.C. Cir. 2014). *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (observing that "courts routinely take judicial notice of documents filed in other courts"). Because the dismissal of that action was unrelated to the defendants' actions, Ladeairous did not plausibly allege actual injury, as is required to state a court access claim. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996) (requiring "actual injury"). The district court also properly dismissed Ladeairous's equal protection claim because the amended complaint alleged only that he was treated differently "because of" his political beliefs. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (observing that "a wholly conclusory statement of claim" warrants dismissal).

We have considered Ladeairous's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3