# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued October 11, 2017       Decided November 28, 2017

No. 15-5049

VICTOR CHARLES FOURSTAR, JR.,
APPELLANT

v.

GARDEN CITY GROUP, INC., ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-mc-00076)

*Jonathan D. Kossack*, appointed by the court, argued the cause as *amicus curiae* in support of appellant. With him on the briefs were *Anthony F. Shelley* and *Dawn E. Murphy-Johnson*, appointed by the court.

*Victor C. Fourstar Jr.*, pro se, filed the brief for appellant.

*Jane M. Lyons*, Assistant U.S. Attorney, argued the cause for federal appellees. With her on the brief was *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: KAVANAUGH and MILLETT, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*:  In 1996, Congress passed and President Clinton signed the Prison Litigation Reform Act, known as the PLRA.  The Act sought to stem the tide of frivolous litigation filed in federal court by some federal and state prisoners.

Under the Act, a dismissal of a prisoner's lawsuit for failure to state a claim, or as frivolous or malicious, is commonly referred to as a strike.  With some limited exceptions, the Act's basic rule is this:  Three strikes and the prisoner is out of court.  Specifically, a prisoner who has previously filed three lawsuits that were dismissed for failure to state a claim, or as frivolous or malicious, will ordinarily not be granted in forma pauperis status to file a new lawsuit.

This case presents two questions about the operation of the PLRA.  First, suppose a prisoner brings a suit with both federal and state claims.  Suppose that the district court dismisses the prisoner's federal claims for failure to state a claim, or as frivolous or malicious, but declines to exercise supplemental jurisdiction over the prisoner's state-law claims.  Does that disposition count as a strike under the PLRA?  Second, suppose that the district court when dismissing a case contemporaneously labels the case as a strike for purposes of the Act.  When the prisoner later seeks to file a new suit, may the later district court simply defer to the earlier district court's labeling of the dismissal as a strike, or must the later district court decide for itself whether the previous dismissal counts as a strike?

The text of the Act resolves those questions.  First, the text identifies the circumstances in which dismissal of a prisoner's lawsuit counts as a strike: when the case is dismissed for failure

to state a claim, or as frivolous or malicious. For a case to count as a strike, all of a prisoner's claims in the case must be dismissed on one of those enumerated grounds. A case in which a district court declines to exercise supplemental jurisdiction over a prisoner's state-law claims does not come within that description and therefore does not count as a strike. Second, the Act does not require or allow a later district court to simply defer to an earlier district court's contemporaneous statement that a dismissal counts as a strike. The later district court must independently evaluate whether the prior dismissals were dismissed on one of the enumerated grounds and therefore count as strikes.

In this case, applying those principles, we conclude that Fourstar has only one strike. As a result, absent any other ground on which his in forma pauperis status may properly be denied, he is entitled to in forma pauperis status and may maintain his lawsuit. We therefore reverse the judgment of the District Court denying Fourstar in forma pauperis status and dismissing his case.

I

On December 19, 2014, while in federal prison, Fourstar filed a complaint in the U.S. District Court for the District of Columbia alleging constitutional violations by several U.S. government officials. Along with his complaint, Fourstar filed an application to proceed in forma pauperis. A party who is unable to pay the fees and costs associated with filing a lawsuit may apply to proceed in forma pauperis and be excused from paying those fees and costs.

The District Court denied Fourstar's application to proceed in forma pauperis and dismissed Fourstar's suit. The District Court denied in forma pauperis status because Fourstar

had accumulated at least three strikes under the PLRA and therefore was barred from proceeding in forma pauperis.

The District Court counted three prior cases filed by Fourstar as strikes: *Fourstar v. Murlak*, No. 07-cv-5892 (C.D. Cal. May 26, 2010); *Fourstar v. Ness*, No. 4:05-cv-108 (D. Mont. Apr. 26, 2006); and *Fourstar v. Zemyan*, No. 4:08-cv-50 (D. Mont. Aug. 26, 2008).[1]

The district court in *Murlak* concluded that Fourstar's complaint was frivolous and failed to state a claim upon which relief could be granted. Fourstar correctly concedes that the District Court here properly counted *Murlak* as a strike.

The district court in *Ness* dismissed Fourstar's federal claims because he failed to state a claim upon which relief may be granted. But in that case, Fourstar also brought state-law claims. The *Ness* district court declined to exercise supplemental jurisdiction over Fourstar's state-law claims because they presented novel applications of state law. For present purposes, it bears mention that the *Ness* district court also expressly stated in its order that the case should count as a strike against Fourstar under the PLRA.

The district court in *Zemyan* dismissed Fourstar's complaint for lack of jurisdiction and dismissed his state-law claims without prejudice. Like the district court in *Ness*, the district court in *Zemyan* stated that the dismissal should count as a strike against Fourstar.

---

[1] Our decision is premised on the District Court's conclusion that those three cases constitute the only strikes against Fourstar. The Government has not identified any other cases that might count as strikes.

Fourstar argues that *Ness* and *Zemyan* should not count as strikes. Our review of the legal issues raised by his appeal is de novo.

## II

The relevant section of the PLRA provides that a prisoner may not proceed in forma pauperis if the prisoner has three strikes: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Fourstar argues that the *Ness* and *Zemyan* dismissals should not count as strikes. He contends that the district courts in those two cases did not dismiss *all* of Fourstar's claims on grounds enumerated in the PLRA. And he says that the *Ness* and *Zemyan* district courts' express statements that the cases counted as strikes were incorrect and should receive no deference from the District Court here.

## A

Does a case count as a strike when a district court dismisses a prisoner's federal claims for failure to state a claim, or as frivolous or malicious, but declines to exercise supplemental jurisdiction over the prisoner's state-law claims? The answer is no.

The text of the Act and our decision in *Thompson v. DEA*, 492 F.3d 428 (D.C. Cir. 2007), guide our analysis. In *Thompson*, this Court held that dismissals for lack of jurisdiction do not count as strikes. The Court reasoned that *all* of the claims in a case must be dismissed on grounds enumerated in the PLRA in order for the case to count as a strike. The Court explained that the PLRA "speaks of the dismissal of actions and appeals, not claims. Indeed, it would make no sense to say – where one claim within an action is dismissed for failing to state a claim and another succeeds on the merits – that the action had been dismissed for failing to state a claim." *Id*. at 432 (internal citation and quotation marks omitted). The Court concluded that if "at least one claim within an action or appeal falls outside section 1915(g), the action or appeal does not count as a strike." *Id*. at 440; *see also Mitchell v. Federal Bureau of Prisons*, 587 F.3d 415, 418 (D.C. Cir. 2009) (internal citations and quotations omitted) (case does not count as strike if case was "dismissed or disposed of, at least in part, for reasons other than being frivolous, malicious, or failing to state a claim upon which relief may be granted").

Our *Thompson* decision is consistent with the decisions of at least seven other courts of appeals that have similarly concluded that a case counts as a strike only if all of the claims were dismissed on grounds enumerated in the PLRA. We are aware of no court of appeals that has ruled otherwise. *See, e.g.*, *Brown v. Megg*, 857 F.3d 287, 288 (5th Cir. 2017) (A "strike does not issue when only some claims are dismissed on section 1915(g) grounds."); *Daker v. Commissioner, Georgia Department of Corrections*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (internal citation and quotations omitted) ("Three specific grounds render a dismissal a strike: frivolous, malicious, and fails to state a claim upon which relief may be granted. Under the negative-implication canon, these three grounds are the *only* grounds that can render a dismissal a

strike."); *Byrd v. Shannon*, 715 F.3d 117, 125 (3d Cir. 2013) (internal citations omitted) ("We agree with the majority of our sister courts of appeals that § 1915(g) requires that a prisoner's entire action or appeal be dismissed on enumerated grounds in order for the dismissal to count as a strike."); *Taylor v. Hull*, 538 F. App'x 734, 735 (8th Cir. 2013) (internal citation omitted) ("The plain language in § 1915(g) requires that the entire action be dismissed on one or more of three enumerated grounds, i.e., as frivolous, malicious, or for failing to state a claim."); *Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011) (footnote omitted) ("Accordingly, we conclude that 'action' in § 1915(g) unambiguously means an entire case or suit. Therefore, § 1915(g) requires that a prisoner's entire 'action or appeal' be dismissed on enumerated grounds in order to count as a strike."); *Turley v. Gaetz*, 625 F.3d 1005, 1008-09 (7th Cir. 2010) (internal citation omitted) ("Here we believe that the obvious reading of the statute is that a strike is incurred for an action dismissed *in its entirety* on one or more of the three enumerated grounds."); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (prior dismissal qualifies as a strike only if the action was "dismissed because it was frivolous, malicious or failed to state a claim").

As we held in *Thompson*, if a court dismisses one or more of a prisoner's claims for a reason that is not enumerated in the PLRA, the case does not count as a strike. When a district court has declined to exercise supplemental jurisdiction over state-law claims, the court has not dismissed the state-law claims for failure to state a claim, nor has the court dismissed the state-law claims as frivolous or malicious. Therefore, a case in which a court declines to exercise supplemental jurisdiction over state-law claims does not count as a strike.

The Government argues that this approach will allow prisoners to avoid accruing strikes by just willy-nilly adding

state-law claims to their federal claims. To begin with, if a prisoner adds meritless state-law claims, the district court may in appropriate circumstances dismiss those state-law claims for failure to state a claim, or as frivolous or malicious, rather than declining to exercise supplemental jurisdiction over the state-law claims. If so, the case will still count as a strike. So we do not envision a huge influx of cases in which a prisoner exploits that possibility.

That said, the Government is no doubt correct that there will be at least some cases. The Government contends that allowing that gambit would flout the purpose of the PLRA. After all, as the Government rightly points out, Congress enacted the PLRA to reduce frivolous litigation by prisoners and to preserve the scarce resources of the courts and the defendants in prisoner litigation.

That may be true, but we nonetheless must stick to the text of the statute. It is not a judge's job to add to or otherwise re-mold statutory text to try to meet a statute's perceived policy objectives. Instead, we must apply the statute as written. *See generally Milner v. Department of the Navy*, 562 U.S. 562 (2011).

## B

When district courts dismiss prisoner actions, they sometimes contemporaneously say in their orders that the dismissal should count as a strike. For example, in *Ness*, the dismissing district court stated "that the docket should reflect that Plaintiff's filing of this action count as one strike against him, under 28 U.S.C. § 1915(g)." *Fourstar v. Ness*, No. 4:05-cv-108 (D. Mont. Apr. 26, 2006). And in *Zemyan*, the dismissing district court directed that the docket should "reflect that the dismissal of" Fourstar's complaint should "count as a

strike." *Fourstar v. Zemyan*, No. 4:08-cv-50 (D. Mont. Aug. 26, 2008).

What happens when the dismissing district court expressly states that its dismissal of a prisoner's case should be counted as a strike for future purposes?  In particular, may a later district court simply defer to an earlier district court's contemporaneous labeling of a case as a strike?  The answer is no.

The PLRA requires the district court in the current case to bar a prisoner from proceeding in forma pauperis only if that district court determines that a prisoner has three strikes. District courts must *independently* evaluate prisoners' prior dismissals to determine whether there are three strikes.  A district court may not relinquish that statutory responsibility simply because a prior dismissing court has labeled a dismissal as a strike.  If Congress wanted district courts to contemporaneously label dismissals as strikes or wanted those labels to bind later district courts, Congress could have said so in the PLRA.  Congress said no such thing.

The Government's argument, if accepted, would produce grossly inequitable and even absurd results.  Because district courts are not statutorily obligated to contemporaneously label dismissals as strikes, some district courts do so but some district courts do not.  But the happenstance of whether a district court has contemporaneously attached a "strike" label to a dismissal cannot be the key to the courthouse door.  We see no indication that Congress sought to impose such a haphazard and inequitable system for stemming the tide of prisoner litigation.  Indeed, perhaps in recognition of that point and to avoid confusion, the Second Circuit has instructed district courts in that circuit *not* to contemporaneously label

cases as strikes in the first place. *See Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004).

In short, a district court's labeling of a dismissal as a strike undoubtedly may help later district courts to identify potential strikes in a prisoner's litigation history. But a prisoner may be barred from proceeding in forma pauperis only if the later district court *independently* determines that the prisoner has brought three cases that were dismissed for failure to state a claim, or as frivolous or malicious.[2]

\* \* \*

We reach two conclusions in this appeal. First, a case in which a district court declines to exercise supplemental jurisdiction over a prisoner's state-law claims – and does not dismiss those claims for failure to state a claim, or as frivolous or malicious – does not count as a strike under the PLRA. Second, a later district court may not defer to an earlier district court's contemporaneous decision to label a dismissal as a strike.

Applying those principles here, the *Ness* and *Zemyan* cases do not count as strikes against Fourstar. Fourstar therefore has only one strike and may proceed in forma pauperis and maintain his new suit.

---

[2] To be clear, as this Court has said, the later district court must independently determine whether the dismissal in the earlier case occurred on grounds enumerated in the PLRA, but the later district court may not relitigate the underlying *merits* of those past dismissals. *Thompson*, 492 F.3d at 438-39. Put another way, the question of whether a prior district court properly labeled the case as a strike is distinct from the question of whether a prior district court properly dismissed a case for failure to state a claim, or as frivolous or malicious. The former is not binding on the later district court; the latter is binding on the later district court.

We reverse the judgment of the District Court denying Fourstar in forma pauperis status and dismissing his case.

*So ordered.*