# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued February 15, 2018       Decided March 16, 2018

No. 15-5324

JOSEPH MICHAEL LADEAIROUS,
APPELLANT

v.

JEFF SESSIONS, U.S. ATTORNEY GENERAL AND MICHAEL E.
HOROWITZ, U.S. INSPECTOR GENERAL,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cv-00954)

*Dawn E. Murphy-Johnson*, appointed by the court, argued the cause as *amicus curiae* in support of appellant. With her on the briefs was *Anthony F. Shelley*, appointed by the court.

*Joseph Michael Ladeairous*, pro se, filed the briefs for appellant.

*Peter C. Pfaffenroth*, Assistant U.S. Attorney, argued the cause for appellees. With him on the brief were *Jessie Liu*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: SRINIVASAN and WILKINS, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

WILLIAMS, *Senior Circuit Judge*: We recently decided that under the Prison Litigation Reform Act (the "PLRA") a district court's decision to decline to exercise supplemental jurisdiction over state law claims does not count as a "strike" against a prisoner seeking in forma pauperis ("IFP") privileges in later litigation. *Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147 (D.C. Cir. 2017). This case presents a wrinkle on that one: what happens when a district court *in effect*, though not in its exact terms, declines to hear state law claims in situations where 28 U.S.C. § 1367 would authorize it to resolve them? Following the principle of *Fourstar*, we again hold that this is not a strike under the PLRA. We therefore grant appellant's petition to proceed IFP in this court, and we remand with instructions for the district court to do the same.

\* \* \*

Appellant Joseph Michael Ladeairous filed his pro se complaint in the district court in June 2015, alleging abusive investigation and persecution by state and federal officials because of his activities in support of the Irish republican cause. *Ladeairous v. Lynch*, Civil No. 15-954, ECF No. 1 (D.D.C. June 22, 2015). Those claims are not before us; we are called simply to answer the threshold question of whether Ladeairous can proceed in the district court IFP. The district court found that he had already accumulated three strikes under the PLRA and so denied his IFP petition. *Ladeairous v. Lynch*, Civil No. 15-954, ECF No. 11 (D.D.C. Feb. 29, 2016).

Before the PLRA, federal courts had broad discretion to exempt indigent prisoners from paying court filing fees. See *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000). The PLRA now regulates courts' discretion to grant

IFP status to prisoners who have a history of litigation that Congress effectively deemed meritless. In what is known as the "three strikes" provision, the PLRA requires that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The government and the court-appointed amicus agree that Ladeairous accumulated two strikes before filing the instant case in district court: namely, *Ladeairous v. Goldsmith*, Civil No. 13-673, 2015 WL 1787297 (E.D. Va. Apr. 15, 2015) (dismissed for frivolousness and for failure to state a claim), and *Ladeairous v. Pearson*, Civil No. 12-307, 2013 WL 5962932 (E.D. Va. Nov. 6, 2013) (same). They dispute whether the district court should have counted a third dismissal, *Ladeairous v. Attorney General of New York*, Civil No. 14-250 (N.D.N.Y. July 8, 2014) ("*Ladeairous NDNY*"), as a strike.

The PLRA requires a district court to bar a prisoner from proceeding IFP "only if that district court determines that a prisoner has three strikes. District courts must *independently* evaluate prisoners' prior dismissals to determine whether there are three strikes." *Fourstar*, 875 F.3d at 1152. Our review of that evaluation is de novo. See *id*. at 1150.

4

* * *

Ladeairous filed his complaint in *Ladeairous NDNY* in March 2014. Civil No. 14-250, ECF No. 1 (N.D.N.Y. Mar. 7, 2014). In June, the district court dismissed the complaint sua sponte under the PLRA's requirement that courts pre-screen prisoner complaints against government entities and officers "as soon as practicable after docketing." 28 U.S.C. § 1915A(a); Civil No. 14-250, ECF No. 8 (N.D.N.Y. June 4, 2014). The complaint (as interpreted by the district court) alleged a variety of federal claims, all appearing to arise out of state officials' failure to grant his request for information under New York's "FOIL" statute (New York's equivalent of the Freedom of Information Act), plus a claim under FOIL itself. The district court dismissed some of the federal claims with prejudice and dismissed others—including the FOIL claim—without prejudice; the court granted Ladeairous thirty days to file an amended complaint (but excluded the FOIL claim from the leave to amend). In July, the district court dismissed Ladeairous's amended complaint (this time without leave to replead any claims), issued a final judgment, and administratively closed the case. Civil No. 14-250, ECF Nos. 10–11 (N.D.N.Y. July 8, 2014). Ladeairous appealed the dismissal, and the Second Circuit affirmed in a summary order. *Ladeairous v. Attorney General of New York*, 592 F. App'x 47 (2d Cir. 2015).

In both of its rulings the district court dismissed the FOIL claim explicitly "without prejudice" but without leave to replead the claim in the district court. That combination would under some definitions be viewed as an oxymoron since "[t]he primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

We think the most sensible reading of what the district court did was that it dismissed Ladeairous's federal claims for failure to state a claim upon which relief could be granted, but it declined to hear or decide the complaint's state law claim. Liberally construing the pro se complaint, the district court found that the "gravamen of plaintiff's complaint is that he filed requests to review public records pursuant to FOIL, and defendants denied or did not adequately respond to the FOIL requests." *Ladeairous NDNY*, Civil No. 14-250, ECF No. 8, at 9. To the extent that Ladeairous had improperly pleaded his state law FOIL denial as a violation of 42 U.S.C. § 1983, perhaps under the commonly held but mistaken notion that state officials' violations of state law are ipso facto violations of the federal constitution, the court dismissed the § 1983 claim for failure to state a claim under federal law. *Id*. But it noted in both dismissal opinions that the FOIL claim was "dismissed without prejudice to plaintiff pursuing any remedies he may have available in state court, but he may not amend the claim in this action." *Id*. at 15 n.7; see also Civil No. 14-250, ECF No. 10, at 2 n.1.

The government contends this disposition must count as a strike because the district court's dismissal ruling used the literal phrase—"fails to state a claim upon which relief may be granted"—found in the PLRA. See 28 U.S.C. § 1915(g). But "all that matters for the purpose of counting strikes is what the earlier court actually did." *Thompson v. DEA*, 492 F.3d 428, 439 (D.C. Cir. 2007). In *Thompson*, we granted that under the "plain text" of § 1915(g) dismissal of a claim for failure to exhaust expressly on 12(b)(6) grounds of failure to state a claim would be a strike. *Id*. at 438. But "a dismissal for lack of jurisdiction is not the same as a dismissal for failure to state a claim: in enacting section 1915(g), Congress chose to mirror the language of Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1)." *Id*. at 437. For that reason, we decided in *Fourstar* that a district court decision dismissing federal claims for

failure to state a claim but declining to hear state law claims does not count as a strike. 875 F.3d at 1151–52. The government essentially urges us not to follow *Fourstar* because the district court did not explicitly identify the FOIL claim as a state law claim and did not explicitly decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

But Ladeairous complained about state agencies denying his FOIL claim, and the district court restated the claim with no federal adornments, i.e., as a plain state law claim. Ladeairous sought in his prayer for relief the production of documents, relief appropriate to a state FOIL claim. See *Ladeairous NDNY*, Civil No. 14-250, ECF No. 1 ¶ 54. While dismissing the inartfully pleaded § 1983 claims the district court made clear Ladeairous could pursue state law remedies in the state courts. *Id*., ECF No. 8 at 15; ECF No. 10 at 2, 6. By denying leave to replead the FOIL claim, the district court declined to hear state law claims, even if properly pleaded. But by making this denial "without prejudice" the court made clear that its judgment was not to have res judicata effects on the claim if brought in another tribunal. See Restatement (Second) of Judgments § 20(1)(b).

We noted in *Fourstar* that "the district court may in appropriate circumstances dismiss . . . state-law claims for failure to state a claim, or as frivolous or malicious, rather than declining to exercise supplemental jurisdiction over the state-law claims. If so, the case will still count as a strike." 875 F.3d at 1152. But plainly the district court in *Ladeairous NDNY* did something quite different. That the district court took an informal shortcut to this result does not change the essential nature of what it did. *Fourstar* requires that *Ladeairous NDNY* not count as a strike.

The government suggests that Ladeairous's Second Circuit appeal may also count as a strike because the Second Circuit

"rejected appellant's claims . . . as 'without merit.'" Appellee's Br. 19.  But we have held that an appeal counts as a PLRA strike only if the appeal itself is frivolous—that is, if "an appellate court expressly states that an appeal was frivolous" or dismisses an appeal under 28 U.S.C. § 1915(e)(2).  *Thompson*, 492 F.3d at 436.  An affirmance ordinarily will not constitute a strike because it "does not necessarily imply an independent judgment by the court of appeals that the appeal itself is frivolous, but only that the district court correctly dismissed the complaint."  *Id*.  The Second Circuit affirmance contains no such conclusion about the frivolity of the appeal.

Finally, the government urges that in the event we find Ladeairous's IFP petition not automatically barred by §1915(g) we exercise our discretion to deny him IFP privileges nevertheless (presumably referring, though the government doesn't say, to Ladeairous's petition in this court).  To make such a determination, we "examine the number, content, frequency, and disposition of [a prisoner's] previous filings to determine if there is a pattern of abusing the IFP privilege in his litigation history."  *Butler v. Dep't of Justice*, 492 F.3d 440, 446 (D.C. Cir. 2007).  The government points to Ladeairous's three dismissed actions recounted here, as well as appeals of those dismissals, all filed over the course of seven years.  As we said in *Thompson*, "[t]his pattern of filing falls substantially short of being abusive."  492 F.3d at 439 (declining the government's request to deny IFP privileges for two prisoners who had filed six actions and appeals in nine years and three actions in one year); cf. *Mitchell v. Federal Bureau of Prisons*, 587 F.3d 415 (D.C. Cir. 2009) (denying IFP privileges to a prisoner who had filed sixty-five actions and appeals); *Hurt v. Social Security Administration*, 544 F.3d 308 (D.C. Cir. 2008) (seventy appeals); *Butler*, 492 F.3d at 445–46 (twenty-five actions and appeals).

8

\* \* \*

Appellant's request to proceed IFP in this court is granted. The district court's denial of IFP status in the proceedings below is

*Vacated and remanded.*