**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2020

Lyle W. Cayce
Clerk

No. 18-11034

KRISS RAY CAMP,

      Plaintiff–Appellant,

v.

ELIZABETH MCGILL, County Clerk, Tom Green County; CHRISTINA UBANDO, Chief Deputy Clerk, Tom Green County; DEBORA RIDER, Deputy Clerk, Tom Green County; THELMA SANCHEZ, Deputy Clerk, Tom Green County,

      Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CV-81

Before OWEN, Chief Judge, and BARKSDALE and DUNCAN, Circuit Judges.
PER CURIAM:*

Kriss Ray Camp, Texas prisoner # 140210, filed a 42 U.S.C. § 1983 civil rights action alleging that the defendants, employees of the Tom Green County Clerk's Office, fabricated and altered trial documents relating to his state prosecution. The district court concluded that three of Camp's previous civil

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11034

rights actions had been dismissed as frivolous or for failure to state a claim. It dismissed the action under 28 U.S.C. § 1915(g)'s "three strikes" provision, which bars a prisoner from future action *in forma pauperis* (IFP). Camp filed a timely Rule 59 motion to alter or amend the judgment, which the district court denied.[1] Camp appealed both the dismissal of his action and the denial of his Rule 59 motion. Camp also moved to proceed IFP on appeal. The district court denied IFP status, certifying that Camp's appeal was not taken in good faith. We granted IFP status, determining that Camp's contention that the district court had erred in dismissing his claims under § 1915(g) was nonfrivolous.

In this appeal, Camp claims the district court wrongly dismissed his civil action under § 1915(g) based on an erroneous finding that his prior § 1983 action in *Camp v. Dobbs*[2] was entirely dismissed as frivolous, malicious, or for failure to state a claim. Under § 1915(g), a prisoner is precluded from bringing a proceeding IFP if three or more of his prior civil actions brought while incarcerated or detained were "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[3] Importantly, "a strike does not issue when only some claims are dismissed on section 1915(g) grounds."[4] Rather, the entire case must have been dismissed for being frivolous, malicious, or failing to state a claim for which relief could be granted.[5] Although our court has not expressly established a standard of review for a district court's conclusion that a prior dismissal counts as a strike for purposes of § 1915(g), we review other

---

[1] *See* FED. R. CIV. P. 59(e).

[2] No. 2:11-CV-0140, 2012 WL 75669 (N.D. Tex. Jan. 10, 2012).

[3] 28 U.S.C. § 1915(g).

[4] *Brown v. Megg*, 857 F.3d 287, 288 (5th Cir. 2017).

[5] *Id.* at 290-92.

2

No. 18-11034

applications of this section de novo.[6]  Whether dismissal constitutes a strike is a purely legal question, so we join our sister circuits in reviewing the issue de novo.[7]

Camp argues that the dismissal of his prior action, *Camp v. Dobbs*, should not count as a strike because the entire case was not dismissed as frivolous, malicious, or for failure to state a claim.  In that case, Camp raised various claims relating to a criminal conviction and a related divorce proceeding.  Camp later amended his complaint to include more claims and join more defendants.  The district court treated Camp's new claims as an amendment to his original complaint and found them—as well as his original claims—to be frivolous or to fail to state a claim for which relief could be granted.[8]

The question we must address is whether the district court dismissed Camp's entire action for one of the reasons listed in § 1915(g) or whether it was only partially dismissed for those reasons.  The confusion stems from the language at the end of the district court's order.  That order dismissed "the Civil Rights Complaint" with prejudice as frivolous and for failure to state a claim upon which relief can be granted.[9]  But the court separately noted that

---

[6] *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007) (per curiam) (reviewing de novo whether the PLRA applied to a former prisoner based on his status at the time of filing); *see also Ruiz v. Estelle*, 161 F.3d 814, 819 (5th Cir. 1998) (reviewing de novo whether the PLRA provided legislators the right to intervene), *abrogated on other grounds by Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645 (2017).

[7] *See Ladeairous v. Sessions*, 884 F.3d 1172, 1174 (D.C. Cir. 2018) (three strikes dismissal reviewed de novo); *Mitchell v. Nobles*, 873 F.3d 869, 873 (11th Cir. 2017) (same); *Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir. 2011) (same); *Tolbert v. Stevenson*, 635 F.3d 646, 649 (4th Cir. 2011) (same); *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) (same); *Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007) (same); *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005) (same); *Evans v. Illinois Dept. of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998) (same).

[8] *Camp v. Dobbs*, No. 2:11-CV-0140, 2012 WL 75669, at *1-5 (N.D. Tex. Jan. 10, 2012).

[9] *Id.* at *5.

No. 18-11034

it dismissed without prejudice Camp's "claim of inadequate food while in jail."[10] It is unclear from this portion of the order whether the district court intended to distinguish the inadequate food claim from the "Civil Rights Complaint."

Looking to the remainder of the order, in addressing the inadequate food claim, the district court noted that Camp's "vague and global allegations are not sufficient to state a claim on which relief can be granted."[11]  The district court then noted that, "*[m]oreover*, this claim is not properly joined with the claims originally asserted in this cause," and admonished that "[Camp] may not avoid the three-strike provision of the Prison Litigation Reform Act by pursuing a multitude of improperly-joined claims in a single cause."[12]

This language indicates that the inadequate food claim was dismissed on two independent grounds, one of which was for failure to state a claim. Looking to the order as a whole, we read the district court as referring to the entire action when it dismissed "the Civil Rights Complaint" as frivolous and for failure to state a claim and as merely stating an additional reason for dismissing the inadequate food claim.  Section 1915(g) is intended to strike a "balance between deterring frivolous filings while maintaining access to the courts for facially valid claims."[13]  In a case such as this, where the district court determined that the claim was not facially valid, it is proper to impose a strike.

\* \* \*

The district court's judgment is AFFIRMED.   Camp's motions for appointment of counsel, for an appeal conference and oral argument, for a

---

[10] *Id.*

[11] *Id.* at \*4.

[12] *Id.* (emphasis added).

[13] *Brown v. Megg*, 857 F.3d 287, 291 (5th Cir. 2017).

No. 18-11034

ruling on his motion to appoint counsel, and for the court to take judicial notice of case records are DENIED.