# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued May 13, 2022          Decided August 5, 2022

No. 21-5119

JOSEPH MICHAEL LADEAIROUS,
APPELLANT

v.

MERRICK B. GARLAND, U.S. ATTORNEY GENERAL AND
MICHAEL E. HOROWITZ, U.S. INSPECTOR GENERAL,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cv-00954)

*Odunayo Durojaye*, Student Counsel, argued the cause as *amicus curiae* in support of appellant. With her on the briefs were *Erica Hashimoto*, appointed by the court, and *Richard Rosen*, Student Counsel.

*Joseph Michael Ladeairous*, pro se, filed the briefs for appellant.

*Douglas C. Dreier*, Assistant U.S. Attorney, argued the cause for appellees. With him on the brief were *R. Craig Lawrence* and *Jane M. Lyons*, Assistant U.S. Attorneys.

*Brenda A. Gonzalez Horowitz*, Assistant U.S. Attorney, entered an appearance.

Before: ROGERS, KATSAS and WALKER, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* Walker.

WALKER, *Circuit Judge*: Joseph Michael Ladeairous filed a late notice of appeal. He also failed to move to extend the time to file it or to reopen that time. We therefore dismiss his appeal.

I

Ladeairous believes that officials in the Department of Justice (and elsewhere) have persecuted him for supporting "the Irish republican cause." *Ladeairous v. Sessions*, 884 F.3d 1172, 1173 (D.C. Cir. 2018). So he sued the United States Attorney General and the Department of Justice Inspector General. On February 24, 2021, the district court dismissed his suit.

At least seventy-five days later, Ladeairous filed a notice of appeal in the district court that read: "Notice is hereby given that Joseph Michael Ladeairous, plaintiff in the above said matter, will appeal to the U.S. Court of Appeals for the District of Columbia for the judgment of this Court filed February 24, 2021." JA 41.[1]

---

[1] Ladeairous is currently in prison, so his notice of appeal was deemed "filed" when he gave it to the prison authorities to be mailed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The record does not show when prison authorities received Ladeairous's notice, so we do not know that exact date. But his notice was notarized on May 10, 2021 — seventy-five days after the district court's judgment — so that is the earliest day he could have given it to the prison officials.

This Court noted that Ladeairous had filed his notice of appeal after the sixty-day deadline imposed by Congress in 28 U.S.C. § 2107(b). We therefore ordered him to show cause as to why his appeal should not be dismissed as untimely. In response, Ladeairous wrote that he had not received the district court's order until May 4, sixty-nine days after the judgment, because of delays in the mail system at the prison where he is currently held.

## II

We must decide whether Ladeairous's response to this Court's show-cause order can be combined with his notice of appeal in the district court to serve as a substitute for a motion to extend or reopen the time to file a notice of appeal. It cannot.[2]

Losing parties in suits that involve the United States or its officers have sixty days from the district court's entry of judgment to file an appeal. 28 U.S.C. § 2107(b). That time limit is jurisdictional. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). So when parties do not meet it, we have no power to hear their appeals, no matter how compelling their reasons. *Id.*; *see also id.* at 212 n.4 (noting that the Supreme Court rejected a petition for certiorari in a death penalty case that had been filed one day late, so that the petitioner was executed "without any Member of this Court having even seen his petition").

---

[2] Because this issue was unresolved in this circuit at the time of Ladeairous's response, we appointed Erica Hashimoto and the Georgetown Appellate Litigation Program as amicus counsel to address that question. They have ably performed that task, and we thank them for their assistance.

4

Instead, the only source of relief for parties that miss the appeal deadline is the pair of paths that Congress provided in 28 U.S.C. § 2107, which are now set out in Federal Rules of Appellate Procedure 4(a)(5) and 4(a)(6). Rule 4(a)(5) allows the district court to extend the time to file a notice of appeal if a "party shows excusable neglect or good cause." Rule 4(a)(6) allows the district court to reopen the time to file if it finds that the party did not receive notice of the judgment within 21 days and no party will be prejudiced. Like the sixty-day time limit itself, those statutorily prescribed components of Rules 4(a)(5) and 4(a)(6) are jurisdictional. *See Bowles*, 551 U.S. at 213; *Hamer v. Neighborhood Housing Services of Chicago*, 138 S. Ct. 13, 20 (2017) (limiting *Bowles* to the statutorily prescribed components of those rules).

In *Kidd v. District of Columbia*, this Court held that Rules 4(a)(5) and 4(a)(6) require "a motion asking the district court" for relief. 206 F.3d 35, 38 (D.C. Cir. 2000). The amicus supporting Ladeairous argues that we should proceed in three steps to determine that Ladeairous satisfied that requirement: (1) Treat his response to our show-cause order as part of the notice of appeal that he filed in the district court; (2) decide that the combination of those two documents is functionally a Rule 4(a)(5) or 4(a)(6) motion; and (3) order the district court to grant that "motion."

That argument fails at step one.

According to the amicus, step one requires us to extend the contemporaneous-filing rule from its traditional context to this "analogous context." Amicus Br. at 26 (citing *Sinclair Broadcast Group, Inc. v. FCC*, 284 F.3d 148, 158 (D.C. Cir. 2002)); *id.* at 28 ("*Sinclair* is important here."). That rule applies to Federal Rule of Appellate Procedure 15, which requires petitions for direct review of agency action to "specify

the order or part thereof to be reviewed." Fed. R. App. P. 15(a)(2)(C). Under the contemporaneous-filing rule, "the court considers not only the contents of the petition for review but also any documents affixed thereto or filed contemporaneously therewith" when deciding whether a petitioner has satisfied Rule 15. *Small Business in Telecommunications v. FCC*, 251 F.3d 1015, 1021 (D.C. Cir. 2001). If we can fairly infer from those documents and the petition an intent to seek review of a particular agency order, and the respondent is not misled by the mistake, we deem Rule 15's requirements satisfied. *Id.* at 1019.

The difference between that context and this case's context is stark. In the Rule 15 context, a single court with the power to exercise jurisdiction receives all the necessary information. The contemporaneous-filing rule merely ensures that a party does not face harsh consequences for a slight imperfection of form. But here, the issue is not a problem of form. Ladeairous did not indicate in *any* form that he wants the district court to extend or reopen the time to file a notice of appeal. And only the district court — not this Court — has the power to provide that relief and thereby make Ladeairous's appeal timely.[3]

We therefore cannot extend the contemporaneous-filing rule to cover Ladeairous's separate filings in two different courts. And absent that extension, Ladeairous cannot forge a

---

[3] Because Ladeairous's notice of appeal did not explain that he received the district court's judgment after the appeal deadline, this case does not raise the question whether a notice of appeal with that explanation can be construed as a motion for relief under Rule 4(a)(6). *Compare Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (holding that it can); *United States v. Withers*, 638 F.3d 1055, 1061 (9th Cir. 2011) (same) *with Poole v. Family Court of New Castle County*, 368 F.3d 263, 269 (3d Cir. 2004) (holding that it can't).

Rule 4(a)(5) or 4(a)(6) motion from the combination of his notice of appeal (in the district court) and his response to the show-cause order (in this Court).

Instead, Ladeairous's response to this Court's show-cause order was nothing more than a request to this Court for an equitable exemption from the jurisdictional deadline. We have no power to grant that equitable relief. *See Bowles*, 551 U.S. at 214. Nor can we accept the amicus's invitation to "forward" Ladeairous's response to our show-cause order "to the district court for consideration" — courts are not post offices. Amicus Br. at 31.

Finally, we briefly address an argument raised by Ladeairous (and not by the amicus). He says that the sixty-day clock should have started when he received the district court's judgment. But 28 U.S.C. § 2107(a) specifies that the time for review runs from "the entry of" a "judgment, order or decree." And Federal Rule of Civil Procedure 77(d)(2) says that "[l]ack of notice of the entry does not affect the time for appeal."

\*   \*   \*

Ladeairous's appeal is untimely. We therefore dismiss it.

*So ordered.*