# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2013

Lyle W. Cayce
Clerk

No. 13-30510
Summary Calendar

VICTOR C. FOURSTAR, JR.,

Petitioner–Appellant,

v.

RICARDO MARTINEZ,

Respondent–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-2110

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Victor Fourstar, Jr., federal prisoner # 07418-046, appeals the dismissal

for lack of jurisdiction of his 28 U.S.C. § 2241 petition, in which he challenged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1) the validity of his 2002 conviction of, and 188-month sentence for, aggravated sexual abuse in violation of 18 U.S.C. § 2241(a) and (2) the use of an underlying state-court conviction to enhance that sentence. We review *de novo* the district court's determinations that Fourstar's claims arose under 28 U.S.C. § 2255 and that he had not met the requirements to proceed with a § 2241 petition under the savings clause of § 2255(e). *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

If his brief is liberally construed, Fourstar appears to argue, for the first time, that his § 2241 petition falls within the savings clause based on *Bailey v. United States*, 516 U.S. 137 (1995). Because the argument is raised for the first time on appeal, we will not consider it. *See Wilson v. Roy*, 643 F.3d 433, 435 n.1 (5th Cir. 2011). Even if we were to consider the newly raised argument, Fourstar cannot rely on *Bailey* to satisfy the savings clause because *Bailey* involved a firearms offense, not a sexual abuse offense, and was decided in 1995, well before Fourstar's 2002 conviction. Thus, Fourstar has failed to meet the actual-innocence and retroactivity requirements of the savings clause. *See Bailey*, 516 U.S. at 143; *see also Reyes-Requena v. United States*, 243 F.3d 893, 900–01, 903–04 (5th Cir. 2001).

The instant appeal is without arguable merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, the appeal is DISMISSED. *See* 5TH CIR. R. 42.2. Additionally, because Fourstar's § 2241 petition is repetitive of earlier filings, he is cautioned that the filing of future frivolous, repetitive, or otherwise abusive challenges to his conviction or sentence will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.