# United States Court of Appeals for the Federal Circuit

_____

**VICTOR C. FOURSTAR, JR.,**
*Plaintiff-Appellant*

**JUDY RAE REDBOY,**
*Plaintiff*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2018-2081

_____

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00405-EDK, Judge Elaine Kaplan.

_____

Decided:  February 19, 2020

_____

VICTOR C. FOURSTAR, JR., Billings, MT, pro se.

P. DAVIS OLIVER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM.

_____

Before NEWMAN, TARANTO, and CHEN, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

Mr. Victor C. Fourstar, Jr., on March 15, 2018, while incarcerated at the Federal Correctional Institution in Florence, Colorado, filed a Tucker Act Complaint in the United States Court of Federal Claims, accompanied by a Motion for Leave to Proceed *In Forma Pauperis*. Complaint, *Fourstar v. United States*, No. 18-405-EDK (Fed. Cl. Mar. 15, 2018), ECF No. 1 ("Complaint"); Motion for Leave to Proceed In Forma Pauperis, *Fourstar v. United States*, No. 18-405-EDK (Fed. Cl. Mar. 15, 2018), ECF No. 5. His complaint asserts that the government is mismanaging certain Indian properties and resources, and states the issue of his Tucker Act claim:

> [T]he United States acting as trustee under color of federal law in their official capacity did breach their trust in connection with the United States management of forested resources, road building and rights of way, Indian funds and government fees, and regulations promulgated under their money-mandating statutes 25 U.S.C. §§ 406, 407 & 25 U.S.C. §§ 318a, 323–325; 25 U.S.C. §§ 162a, 413, respectively.

Complaint at 3. The Court of Federal Claims denied his motion to proceed *in forma pauperis* on the basis of 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

> unless the prisoner is under imminent danger of serious physical injury.

This provision, enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), is called the "three-strikes rule."

The Court of Federal Claims found that "Mr. Fourstar [] is currently incarcerated, and has, on more than three occasions while incarcerated, filed complaints or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim."[1] Fed. Cl. Order at 1 (internal citation omitted). The court also found that "[t]he dangers that [Mr. Fourstar] alleges in his application [] lack supporting detail, imminence, and/or any connection to the claims in this lawsuit." *Id.* at 2. The court then required him to pay the filing fee, in the amount of $400. *Id.* at 3. When Mr. Fourstar did not pay the fee, the court dismissed his complaint. Fed. Cl. Op. at 2. He appeals the denial of his motion to proceed *in forma pauperis*, and dismissal of his complaint. Federal Circuit jurisdiction is pursuant to 28 U.S.C. § 1295(a)(3).

### *Appeal to the Federal Circuit*

On April 9, 2018, Mr. Fourstar was released from prison. On June 8, 2018, Mr. Fourstar timely filed a Notice of Appeal. On October 1, 2018, Mr. Fourstar filed a statement that he was arrested and detained on September 1, 2018. On January 31, 2019, Mr. Fourstar filed a motion to proceed *in forma pauperis* in this court pursuant to 28 U.S.C. § 1915.

---

[1] *Fourstar v. United States*, No. 18-00405-EDK (Fed. Cl. Apr. 3, 2018) ("Fed. Cl. Order"); dismissal (Fed. Cl. May 9, 2018) ("Fed. Cl. Op."); on reconsidn. No. 2018-2081 (Fed. Cir. Feb. 26, 2019).

Because Mr. Fourstar was not a prisoner at the time of filing his appeal, § 1915 is not applicable. *See Millhouse v. Heath*, 866 F.3d 152, 157–58 (3d Cir. 2017) ("Under the plain language of the PLRA, it is the filing of the notice of appeal that 'triggers' the three strikes rule"); *see also Harris v. City of New York*, 607 F.3d 18, 21–22 (2d Cir. 2010) (section 1915(g) requires prisoner status "at the moment of" filing the civil action or appeal). We apply Federal Rule of Appellate Procedure 3(a)(2):

> (a) Filing the Notice of Appeal.
>
> * * *
>
> (2) An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal.

We deem it appropriate to accept this appeal for the purpose of reviewing the dismissal action of the Court of Federal Claims, and do not require payment of the filing fee.

### *Review of Action of the Court of Federal Claims*

Courts of the United States have authority to grant *in forma pauperis* status to litigants. *Denton v. Hernandez,* 504 U.S. 25, 33–34 (1992) (discussing an earlier form of the PLRA). Denials of *in forma pauperis* status are reviewed for abuse of discretion. *Id.* (discussing frivolousness determination); *Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015). Abuse of discretion may arise on an error of law, clearly erroneous fact finding, or a clear error of judgment. *Qingdao Taifa Grp. Co. v. United States,* 581 F.3d 1375, 1379 (Fed. Cir. 2009).

A

## The Three Strikes Rule

Mr. Fourstar states that the Court of Federal Claims improperly denied his request to proceed *in forma pauperis*. He states that he brought a meritorious Tucker Act claim, and his claim was not "frivolous or malicious," the words of Section 1915(g). He also states that he meets the statutory exception of being "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g).

The government recites several actions Mr. Fourstar filed that were dismissed because they were either frivolous or failed to state a claim: *Fourstar v. Outlaw*, No. 1:07cv11, 2007 WL 2427996 (E.D. Tex. Aug. 22, 2007), *appeal dismissed*, 283 F. App'x 209 (5th Cir. 2008) (failure to state a claim); *Fourstar v. Martinez*, 541 F. App'x 494 (Mem.) (5th Cir. 2013) (frivolous); and *Fourstar* v. *Murlak*, No. CV 07-5892 (C.D. Cal. Sept. 3, 2009) (frivolous and failure to state a claim). In addition, the Court of Federal Claims cited a wrongful arrest and imprisonment case wherein it "prohibited [Mr. Fourstar] from filing any claim in the United States Court of Federal Claims under Section 1915." *Fourstar v. United States*, 122 Fed. Cl. 596, 599–600, 600 n.7 (2015).

The Court of Federal Claims did not abuse its discretion when it held that the three-strikes rule was met by Mr. Fourstar's litigation history.

B

## Imminent Danger of Serious Physical Injury

Mr. Fourstar states that the exception to the three-strikes rule applies to his action in the Court of Federal Claims because he is "under imminent danger of serious physical injury" due to the "on-going common scheme by the defendant(s) to illegally construct the Keystone XL Pipeline and that if the Keystone XL Pipeline breaks or

leaks it will poison [his] drinking water source [the Missouri River]," Fed. Cl. Order at 2 (internal quotation marks omitted), and "leaked Canada tar-sands oil on the Standing Rock Indian Reservation" from the Dakota Access Pipeline, Fed. Cl. Op. at 1.  He further states that, he is "under imminent danger of serious physical injury" because the medical staff at the detention facility in Florence, Colorado, where he was detained, denied him knee and rotator cuff surgery and dental care, causing severe pain and suffering; exposed him to tuberculosis without proper screening and treatment, causing shortness of breath and weight loss; and denied him anxiety and depression medication.  Fed. Cl. Order at 2.

Mr. Fourstar's Tucker Act Complaint concerns the government's management of Indian properties and resources. Rulings of regional circuits guide that "§ 1915(g) allows a three-strikes litigant to proceed [*in forma pauperis*] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges," and "requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint." *Pettus v. Morgenthau*, 554 F.3d 293, 296, 297 (2d Cir. 2009).  Additionally, "[a] plaintiff must [] show that his complaint alleged facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks omitted) (third alteration in original).  Precedent embodies the premise that imminent physical injury and personal danger are the intended focus of the statutory exception to the three-strikes rule.

Here, Mr. Fourstar states that he is "under imminent danger of serious physical injury" because of the alleged illegal construction of the Keystone XL Pipeline and possible

poisoning if it breaks, and leakage of Canada tar-sands oil on the Standing Rock Indian Reservation.  The Court of Federal Claims deemed this argument as too speculative and attenuated to qualify as "imminent danger."  The court stated that "Mr. Fourstar . . . is currently incarcerated in Wolf Point, Montana.  The Standing Rock Sioux Indian Reservation straddles North and South Dakota and encompasses all of Sioux County in North [Dakota] and all of Corson County, and small parcels in Ziebach and Perkins Counties in South Dakota," and "Mr. Fourstar does not explain how an alleged pipeline leak in another state is causing him imminent danger of serious physical injury."  Fed. Cl. Op. at 2 (internal quotations marks omitted).

Mr. Fourstar's further contention that he is "under the imminent danger of physical injury" because the medical staff at the detention center denied him surgical, dental, and medical care, is unfounded.  He shows no relation to his Tucker Act assertions concerning management of Indian properties and resources.  "Absent some nexus between a complaint's claims and its allegation that a plaintiff is under imminent danger of serious physical harm, the injury-in-fact that Congress so carefully excepted from the general requirement that a three-strikes litigant pay his filing fees could go unaddressed by the litigation—a result clearly contrary to the *raison d'être* of the exception itself."  *Pettus*, 554 F.3d at 298.

The Court of Federal Claims reasonably determined that Mr. Fourstar was not subject to the statutory exception to the three-strikes rule.  Thus, the court did not abuse its discretion in denying Mr. Fourstar's request to proceed *in forma pauperis*.  We affirm the decision to dismiss Mr. Fourstar's complaint without prejudice, when he did not pay the filing fee in the Court of Federal Claims.

**AFFIRMED**

No costs.