NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALEXANDER CAMERON,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-1195

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01779-SSS, Judge Stephen S. Schwartz.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

Alexander Cameron, who is incarcerated in Virginia state prison, appeals from the judgment of the United States Court of Federal Claims dismissing his complaint for failure to pay the docketing fee.  He also moves for leave to proceed *in forma pauperis* (IFP) and asks the court to appoint him counsel.  We summarily affirm.

The Prisoner Litigation Reform Act's "three strike" provision at the center of this case precludes courts from granting IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

By the time Mr. Cameron filed his complaint in this case seeking his "immediate release from prison," and challenging the basis for his conviction, he had already accumulated more than three strikes. *See Cameron v. Moore*, No. 1:21-cv-00463, slip op. at 1 n.1 (E.D. Va. Apr. 29, 2021) (collecting cases). Mr. Cameron nonetheless moved for IFP and filed an additional submission entitled "motion to stop kidnap/murder conspiracy," in which he asserted that his imprisonment was the result of a conspiracy and asked the court to "put a stop to this conspiracy, which is sure to culminate in murder if this court do[es] otherwise." Motion at 2, 3, *Cameron v. United States*, No. 1:21-cv-01779 (Fed. Cl. Oct. 28, 2021), ECF No. 13.

The Court of Federal Claims denied Mr. Cameron's IFP motion. Based on his prior strikes, the court found that Mr. Cameron could only proceed IFP if he demonstrated that he was under imminent danger of serious physical injury. On that issue, the court found that Mr. Cameron "fails to show any danger other than the incarceration itself, which is not sufficient to" show that he is under "imminent danger of serious physical injury." *Cameron v. United States*, No. 1:21-cv-01779, slip op. at 2 (Fed. Cl. Oct. 28, 2021) (internal quotation marks and citation omitted). When Mr. Cameron then failed to timely pay the docketing fee, the court dismissed for lack of prosecution. Mr. Cameron now appeals.

CAMERON v. US                                                          3

Having considered the briefs, the court concludes that the parties' positions here are so clear as to warrant summary action. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Mr. Cameron has not raised any non-frivolous contention that the trial court abused its discretion in denying his IFP motion or dismissing his complaint after failure to timely pay the fee. *See Fourstar v. United States*, 950 F.3d 856, 858 (Fed. Cir. 2020) (denial of IFP status reviewed for abuse of discretion). In particular, he raises no cogent argument why his submissions before the trial court set forth facts capable of reasonably inferring that he was in danger of imminent physical injury. Instead, Mr. Cameron's submissions before this court consist almost entirely of assertions for why he believes he was wrongfully convicted and should not be imprisoned.

Accordingly,

IT IS ORDERED THAT:

(1) The judgment of the Court of Federal Claims is summarily affirmed.

(2) All pending motions are denied.

(3) Each side shall bear its own costs.

FOR THE COURT

April 4, 2022                              /s/ Peter R. Marksteiner
     Date                                  Peter R. Marksteiner
                                           Clerk of Court