NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**QUORDALIS V. SANDERS,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-1375

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-02187-ZNS, Judge Zachary N. Somers.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

Quordalis V. Sanders, who is incarcerated in Wisconsin state prison, appeals from an order of the United States Court of Federal Claims denying him leave to proceed *in forma pauperis* (IFP).  He also moves for leave to proceed IFP on appeal, ECF No. 8; for a settlement conference, ECF No. 6; and for "intervention on remand," ECF No. 15.  The United States moves to dismiss the appeal for lack of jurisdiction or affirm.

The Prison Litigation Reform Act's "three strike" provision does not permit IFP status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Mr. Sanders brought this suit at the Court of Federal Claims asserting errors in his state-court conviction and imprisonment. Mr. Sanders's complaint included a motion for leave to proceed IFP. On December 1, 2021, the Court of Federal Claims ordered Mr. Sanders to pay the court's filing fee on or before January 3, 2022, or his complaint would be dismissed for failure to prosecute, finding that he could not proceed IFP under the three-strike provision. On January 6, 2022, the Court of Federal Claims received Mr. Sanders's notice of appeal, which was postmarked December 20, 2021.

The denial of a motion to proceed IFP is a collateral order subject to interlocutory appeal. *See Roberts v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 339 U.S. 844, 845 (1950). However, the determination of whether to allow a litigant to proceed IFP is generally committed to the sound discretion of the trial court. *Fourstar v. United States*, 950 F.3d 856, 858 (Fed. Cir. 2020). Here, Mr. Sanders's opening brief does not dispute that he had three prior strikes. Nor does it make any cogent argument as to why the determination that he failed to demonstrate imminent danger of serious physical harm was incorrect, let alone an abuse of discretion. Instead, his opening brief consists, for the most part, of assertions that he was wrongfully convicted.

Under these circumstances, we summarily affirm the order denying Mr. Sanders's IFP status. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (holding that summary disposition is appropriate when the position

of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists).*

Accordingly,

IT IS ORDERED THAT:

(1) The December 1, 2021, order of the Court of Federal Claims is summarily affirmed.

(2) All pending motions are denied.

(3) Each side shall bear its own costs.

FOR THE COURT

June 27, 2022            /s/ Peter R. Marksteiner
Date                     Peter R. Marksteiner
                         Clerk of Court

---

\* We note that, on January 6, 2022, apparently unaware of the filing of the notice of appeal, the Court of Federal Claims dismissed the case and entered judgment after it failed to receive the fee. The filing of an appeal ordinarily "confers jurisdiction on the court of appeals and divests the [trial] court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Accordingly, the trial court should consider whether any order or judgment issued subsequent to when the notice was deemed to have been received must be reissued.