NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JEREMY WAYNE GLADDEN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2025-1815

_____

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00123-MRS, Judge Molly R. Silfen.

_____

Decided: January 9, 2026

_____

JEREMY WAYNE GLADDEN, Lufkin, TX, pro se.

TARA K. HOGAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by PATRICIA M. MCCARTHY, BRETT SHUMATE.

_____

PER CURIAM.

Jeremy W. Gladden appeals from decisions of the United States Court of Federal Claims. For the following reasons, we affirm.

I

Mr. Gladden, who is incarcerated, filed a complaint in the Court of Federal Claims alleging constitutional and civil-rights violations arising from his arrest, indictment, and incarceration. His complaint was accompanied by a motion for leave to proceed *in forma pauperis*. The government moved to dismiss his complaint for lack of jurisdiction under rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC).

While this motion was pending, the trial court denied Mr. Gladden's motion to proceed *in forma pauperis* after it found that he failed to make an adequate showing for such status. It explained how Mr. Gladden attested to a "gross income of $12,400 per month" and a "net income of $6,200 per month" in "November 2024"—figures "far above [federal] poverty guidelines." Order Den. Appl. to Proceed *In Forma Pauperis* and Directing Payment of Fee at 2, *Gladden v. United States*, No. 25-cv-00123 (Fed. Cl. Apr. 30, 2025), ECF No. 10 (IFP Denial). It further described his motion as "internally inconsistent," as Mr. Gladden also indicated that he had not received any money in the twelve months prior to filing his complaint, along with other inconsistencies about his financial status. *Id.* And although the inconsistencies "may indicate that [Mr. Gladden] erred in listing his income," the trial court explained that it "must rely on his attestation and cannot guess which part of his application is correct." *Id.*

The trial court therefore ordered Mr. Gladden to pay $405.00 in filing fees by May 21, 2025, or it would "dismiss the case without prejudice, under rule 41 of the [RCFC], for the procedural reason that Mr. Gladden failed to prosecute his case." *Id.* at 3. Mr. Gladden did not pay, so his case was dismissed for failure to prosecute, and judgment was

entered.[1] Mr. Gladden timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We see two possible interpretations of Mr. Gladden's appeal.[2] First, Mr. Gladden may be appealing the trial court's denial of his request to proceed *in forma pauperis*. Second, Mr. Gladden may be appealing the trial court's dismissal of his claim for failure to prosecute. Given Mr. Gladden's pro se status, we construe his filings liberally and address both possible interpretations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating documents filed pro se are to be liberally construed).

Under 28 U.S.C. § 1915, the decision to grant *in forma pauperis* status is discretionary. *See Denton v. Hernandez*, 504 U.S. 25, 33–34 (1992). Accordingly, we review a denial of a motion to proceed *in forma pauperis* for abuse of discretion, the same standard under which we review a dismissal for failure to prosecute under RCFC 41(b). *Fourstar v. United States*, 950 F.3d 856, 858 (Fed. Cir. 2020); *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986).

---

[1]    The government's motion to dismiss was denied as moot. Order of Dismissal, *Gladden v. United States*, No. 25-cv-00123 (Fed. Cl. May 22, 2025), ECF No. 13.

[2]    Mr. Gladden's briefs were limited, consisting of about eight sentences. *See generally* Appellant's Br. & Reply Br. Mr. Gladden's Notice of Appeal filed with the trial court stated he was appealing the "Court[']s Decision to Deny In Forma Pauperis." Notice of Appeal, *Gladden v. United States*, No. 25-cv-00123 (Fed. Cl. May 22, 2025), ECF No. 15. Appellee, however, construed his appeal to also challenge the dismissal. *See* Appellee's Br. 1 ("This Court should affirm the judgment of the Court of Federal Claims, dismissing Mr. Gladden's case for failure to prosecute.").

An abuse of discretion occurs when a court "made a clear error of judgment . . . or exercised its discretion based on an error of law or clearly erroneous fact finding." *Qingdao Taifa Grp. v. United States*, 581 F.3d 1375, 1379 (Fed. Cir. 2009) (cleaned up).

## A

The trial court did not abuse its discretion in denying Mr. Gladden's motion to proceed *in forma pauperis*. Based on Mr. Gladden's submission, the trial court reasonably found that he did not show an inability to pay fees without undue hardship. Although the trial court acknowledged his motion's inconsistencies, it explained that it could rely only on his representations as written because it could not determine which contradictory statements were correct. IFP Denial at 2.

Mr. Gladden argues that the trial court "misdated my Informa Pauperis, making an error in the dates of year 2024, correct 2023," and asks this court to "correct [the] error in forma pauperis dates." Appellant's Br. 1, 3. But the record shows that Mr. Gladden handwrote his motion, so any alleged error unfortunately originated with his own submissions. *See* Mot. for Leave to Proceed *In Forma Pauperis* at 2, *Gladden v. United States*, No. 25-cv-00123 (Fed. Cl. Jan. 21, 2025), ECF No. 2. As the party seeking *in forma pauperis* status, Mr. Gladden bore the burden of supporting his assertion that paying filing fees would pose an undue burden, including submitting accurate information. *See* 28 U.S.C. § 1915(a)(1). We find the trial court did not abuse its discretion in concluding that "Mr. Gladden has not sufficiently demonstrated that paying the filing fee would constitute undue hardship" where his motion contained inconsistent factual allegations regarding his eligibility for such status. IFP Denial at 2–3.

## B

Nor did the trial court abuse its discretion in dismissing Mr. Gladden's case for failure to prosecute. The trial court expressly ordered Mr. Gladden to pay filing fees by May 21st and unambiguously warned that failure to comply would result in dismissal. It is undisputed that he did not pay. So, although Mr. Gladden is proceeding pro se, the trial court clearly ordered him to pay by the stated deadline, or else his case would be dismissed. IFP Denial at 3. Under these circumstances, where a party fails to pay required fees after adequate notice, dismissal for failure to prosecute is well within the trial court's discretion.[3] *See, e.g.*, *Kadin*, 782 F.2d at 176–77. The trial court therefore did not abuse its discretion.

## III

We have considered Mr. Gladden's remaining arguments and find them unpersuasive. For the foregoing

---

[3]    To the extent Mr. Gladden argues he did not pay because the trial court erred in denying his motion to proceed *in forma pauperis*, the proper course was to amend and seek reconsideration or immediately appeal the denial. *See Roberts v. U.S. Dist. Ct. N. Dist. Cal.*, 339 U.S. 844, 845 (1950) (stating *in forma pauperis* denials are subject to interlocutory appeal); *see also Harris-Johnson v. United States*, No. 25-1380, 2025 WL 2840820, at *5 (Fed. Cl. Oct. 7, 2025) (granting *in forma pauperis* status after litigant filed an amended application). A party cannot refuse to comply with an order simply because the party believes the court was incorrect. *See, e.g.*, *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("[A]ll orders . . . of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.").

reasons, we affirm the trial court's denial of Mr. Gladden's motion for leave to proceed *in forma pauperis* and dismissal for failure to prosecute.

## **AFFIRMED**

COSTS

No Costs.