**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

TOMMIE LEE HARRIS,
*Plaintiff-Appellant*,

v.

K. HARRIS, Correctional Officer,
individual and official capacity,
*Defendant-Appellee.*

No. 16-55083

D.C. No.
2:15-cv-03104-
ODW-E

OPINION

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted February 6, 2019
Pasadena, California

Filed August 21, 2019

Before: Ronald M. Gould and Jacqueline H. Nguyen,
Circuit Judges, and Algenon L. Marbley,* District Judge.

Opinion by Judge Nguyen

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

## SUMMARY**

### Prisoner Civil Rights

The panel reversed the district court's revocation of a state prisoner's in forma pauperis status on the ground that he had three prior strikes under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and remanded.

One of plaintiff's prior cases was dismissed because, after concluding that he failed to state a federal claim, the district court declined to exercise supplemental jurisdiction over the remaining state claims. Another was dismissed because plaintiff failed to serve one defendant, and several other defendants enjoyed quasi-judicial immunity.

The panel held that because the prior cases were not dismissed on grounds enumerated in § 1915(g), they did not qualify as strikes. Following the D.C. Circuit's decision in *Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1152 (D.C. Cir. 2017), the panel first held that a dismissal based on a district court's decision not to exercise supplemental jurisdiction is not an enumerated ground under § 1915(g). The panel further held that dismissal due to a failure to serve is plainly not a dismissal on the ground that the suit was frivolous, malicious, or failed to state a claim. It is therefore not a strike under § 1915(g). Finally, the panel held that the language and structure of the Prison Litigation Reform Act make clear that immunity-based dismissals generally do not fall within § 1915(g).

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Daniel A. Arellano (argued), Ballard Spahr LLP, Phoenix, Arizona, for Plaintiff-Appellant.

Todd Grabarsky (argued), Deputy Attorney General; Thomas S. Patterson and Misha D. Igra, Supervising Deputy Attorneys General; Monica N. Anderson, Senior Assistant Attorney General; Xavier Becerra, Attorney General; Office of the Attorney General, Los Angeles, California; for Defendant-Appellee.

## OPINION

NGUYEN, Circuit Judge:

Tommie Lee Harris, a state prisoner, appeals the district court's decision revoking his *in forma pauperis* ("IFP") status on the ground that he had three prior strikes under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). One of Harris's prior cases was dismissed because, after concluding that he failed to state a federal claim, the district court declined to exercise supplemental jurisdiction over the remaining state claims. Another was dismissed because Harris failed to serve one defendant, and several other defendants enjoyed quasi-judicial immunity. We hold that because these cases were not dismissed on grounds enumerated in § 1915(g), they do not qualify as strikes. We therefore reverse and remand.

## I.

Harris filed the current lawsuit against a correctional officer under 42 U.S.C. § 1983 for use of excessive force. Harris also filed for IFP status. The district court found that

Harris had already accrued three strikes and revoked his IFP status.  Harris appeals.  He admits that he has two strikes[1] under the PLRA but argues that two of his other prior lawsuits are not strikes, *Harris v. Bick*, No. 2:98-cv-01197-LKK-DAD (E.D. Cal. Nov. 17, 1998) and *Harris v. Nielsen*, No. 2:98-mc-00225-WBS-GGH (PC) (E.D. Cal. Apr. 27, 2001).

## A. *Harris v. Bick*

In *Harris v. Bick*, Harris sued various prison medical professionals, including Dr. Bick, alleging he received inadequate medical care in violation of state law and the Eighth Amendment.  After Harris attempted to voluntarily dismiss Dr. Bick, the district court found that the allegations against the remaining defendants failed to state an Eighth Amendment claim, and "in the absence of a cognizable federal claim, the court [declined] to exercise supplemental jurisdiction over [Harris's] state contract and debtor-creditor claims."  On appeal, we affirmed the district court's dismissal on the Eighth Amendment claims and its decision not to exercise supplemental jurisdiction.

## B. *Harris v. Nielsen*

In *Harris v. Nielsen*, Harris's claims against various medical professionals arose out of their participation in preparing mental health reports submitted in connection with his parole revocation hearings.  Harris named defendants E. Titus, J. Choy, G. Phelps, J. Karuzas, and C. Carter.  The district court dismissed one defendant, Carter, because the

---

[1] Harris concedes that *Harris v. Geraghty*, No. 98-CV-861-GEB-JFM (E.D. Cal. May 25, 1999) (dismissed for failure to state a claim), and *Harris v. Nielsen*, No. 01-15006 (9th Cir. Jun. 19, 2001) (appeal dismissed as frivolous), count as strikes under the PLRA.  We agree.

United States Marshal was unable to serve him despite attempts at two workplaces. The court also dismissed three defendants, Titus, Choy, and Phelps, because, as court-appointed psychologists, psychiatrists, and counselors at the parole hearings, they were protected by quasi-judicial immunity. The district court granted defendant Karuzas's motion for judgment on the pleadings for the same reason.

The question before us is whether these two suits, *Bick* and *Nielsen*, qualify as strikes under § 1915(g).**[2]**

## II.

We interpret § 1915(g) de novo. *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005). The denial of IFP status is appealable as a final judgment. *Id.* We have jurisdiction under 28 U.S.C. § 1291.

## III.

### A. The PLRA's Section 1915(g)

Litigants who qualify for IFP status are excused from prepaying court fees and costs. The PLRA's "three strikes" provision, designed to discourage vexatious and voluminous prisoner litigation, bars a prisoner from bringing a civil action or an appeal IFP if the prisoner has three prior actions that were "dismissed on the grounds that it is *frivolous, malicious, or fails to state a claim upon which relief may be granted*, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (emphasis added).

---

**[2]** We **GRANT** the pending motions for judicial notice (Docket Nos. 21, 37, and 47).

"[I]n a statutory construction case, analysis must begin with the language of the statute itself; when the statute is clear, judicial inquiry into its meaning, in all but the most extraordinary circumstance, is finished." *Talamantes v. Leyva*, 575 F.3d 1021, 1023 (9th Cir. 2009) (alterations omitted) (quoting *United States v. Carter*, 421 F.3d 909, 911 (9th Cir. 2005)). Here, the statutory language is clear—if a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g).

A defendant challenging a plaintiff's IFP status bears the initial burden of showing through documentary evidence that a plaintiff had three prior strikes. *King*, 398 F.3d at 1118–20. If a defendant presents a prima facie case, then "the burden shifts to the plaintiff to persuade the court that § 1915(g) does not apply." *Id.* at 1116. In determining whether a prior dismissal counts as a strike, "we should look to the substance of the dismissed lawsuit," and not to how the district court labelled or styled the dismissal. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1047 (9th Cir. 2016) (citing *King*, 398 F.3d at 1122 n.12) (finding that out of eleven prior suits, only one counted as a strike); *see also Knapp v. Hogan, C.O.*, 738 F.3d 1106, 1109 (9th Cir. 2013) (stating that we look to "the dismissing court's action and the reasons underlying it . . . . [T]he procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." (internal citation omitted)).

We must also evaluate whether all the claims in a given suit satisfy the enumerated grounds for strikes, and partial dismissals of even one claim for a non-qualifying reason will save an entire case from constituting a strike. *See Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016). In other words, "[w]hen we are presented with multiple claims within a single action, we assess a

PLRA strike only when the 'case as a whole' is dismissed for a qualifying reason." *Id.* (quoting *Andrews v. Cervantes*, 493 F.3d 1047, 1054 (9th Cir. 2007), *as amended* (July 5, 2007)).

## B. A Dismissal Based on the Court's Refusal to Exercise Supplemental Jurisdiction Does Not Count as a Strike

Harris argues that the dismissal of *Harris v. Bick* was due to the district court's refusal to exercise supplemental jurisdiction over his state-law claims after dismissal of his Eighth Amendment claim, and thus this case does not qualify as a strike.[3] We agree. Dismissal based on a district court's decision not to exercise supplemental jurisdiction is not an enumerated ground under § 1915(g). As then-Judge Kavanaugh explained, "[w]hen a district court has declined to exercise supplemental jurisdiction over state-law claims, the court has not dismissed the state-law claims for failure to state a claim, nor has the court dismissed the state-law claims as frivolous or malicious." *Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1152 (D.C. Cir. 2017). Because the language of § 1915(g) is plain and unambiguous, a dismissal on a ground other than frivolousness, maliciousness, or failure to state a claim will not qualify as a strike. *See id.* at 1151–52.

Defendant argues that policy considerations counsel in favor of counting *Bick* as a strike. Otherwise, Defendant urges, a prisoner can easily "strike-proof" a meritless lawsuit

---

[3] Harris also argues that his attempt to voluntarily dismiss Dr. Bick is an independent ground for not counting this case as a strike. The parties dispute whether his attempt was sufficient but, in any event, we need not decide this issue.

by adding state-law claims, knowing that federal courts are unlikely to expend limited resources to exercise supplemental jurisdiction over such claims in the absence of a cognizable federal claim. Of course, courts are free to reach state-law claims and dismiss them on an enumerated strike ground. But even if the policy concerns are warranted, we must still strictly construe the plain language of the statute. "It is not a judge's job to add to or otherwise re-mold statutory text to try to meet a statute's perceived policy objectives. Instead, we must apply the statute as written." *Fourstar*, 875 F.3d at 1152. We follow the D.C. Circuit and hold that a dismissal due to the district court's decision not to exercise supplemental jurisdiction over state-law claims does not qualify the case as a strike under the PLRA.

## C. Neither a Dismissal Due to a Failure to Serve Nor a Dismissal Based on Quasi-Judicial Immunity Qualifies as a Strike

Harris argues that *Harris v. Nielsen* does not qualify as a strike. The district court dismissed one defendant, Carter, because the United States Marshal was unable to serve him despite multiple attempts at two workplaces. A dismissal due to a failure to serve is plainly not a dismissal on the ground that the suit was frivolous, malicious, or failed to state a claim. It is therefore not a strike under § 1915(g). Defendant resists a plain reading of the statute and argues that a dismissal of one defendant for failure to serve should not prevent a case from qualifying as a strike where other claims were dismissed for frivolousness or failure to state a claim. But we evaluate the "case as a whole" and dismissal of even one claim for an unenumerated reason saves the entire case from counting as a strike. *Washington*, 833 F.3d at 1057. Therefore, *Nielsen* does not qualify as a strike because one defendant was dismissed for failure to serve.

*Nielsen* does not qualify as a strike for an additional, independent reason. The district court dismissed the remaining defendants because it found them entitled to quasi-judicial immunity. Defendant argues that quasi-judicial immunity falls within the enumerated strike ground of failure to state a claim. We have not addressed this issue, but the Eighth Circuit has rejected a similar argument, holding that "[d]ismissals based on immunity are not among the types of dismissals listed as strikes in section 1915(g)." *Castillo-Alvarez v. Krukow*, 768 F.3d 1219, 1220 (8th Cir. 2014) (per curiam). We agree.

The language and structure of the PLRA make clear that immunity-based dismissals generally do not fall within § 1915(g). Section 1915 sets out the IFP application procedures and rules regarding payment of court fees in subsections (a) through (d). Under § 1915(e)(2), regardless of the filing fee payment, "the court shall [sua sponte] dismiss the case at any time" if the case:

> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief,

28 U.S.C. § 1915(e)(2)(B) (emphasis added).

Yet the strike provision, subsection (g), which follows subsection (e), omits the immunity language as a ground for a strike. "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts

intentionally and purposefully in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972)).

The PLRA also expressly lists immunity-based dismissals in three other sections, further demonstrating that Congress intentionally excluded immunity from the strike provision. For example, in § 1915A, Congress implemented a screening procedure for civil claims made by incarcerated plaintiffs against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). When listing the grounds for dismissal while screening a complaint, Congress included the three enumerated strike grounds and then added "or [] seeks monetary relief from a defendant who is immune from such relief," 28 U.S.C. § 1915A(b), mirroring the language in 28 U.S.C. § 1915(e)(2)(B) discussed above. Congress intended for the screening procedure to address immunity because it expressly listed immunity after frivolousness, maliciousness, and failure to state a claim. *See also* 42 U.S.C. § 1997e(c) (stating that the court may dismiss a case regarding prison conditions or in which administrative remedies have not been exhausted if it is "frivolous, malicious, fails to state a claim upon which relief can be granted, *or seeks monetary relief from a defendant who is immune from such relief*" in subsections 1997e(c)(1) and (2) (emphasis added)). In sum, Congress' omission of immunity-based dismissal from the strike provision in § 1915(g) evidences its intent generally not to include this dismissal ground as a strike.

To be sure, there are rare cases where an affirmative defense, such as immunity, may be so clear on the face of the complaint that dismissal may qualify as a strike for

failure to state a claim. *See, e.g., El-Shaddai*, 833 F.3d at 1044 (recognizing the rarity of such dismissals and declining to find a strike when the affirmative defense of administrative exhaustion was not clear on the face of the complaint); *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (discussing the "rare cases" when failure to exhaust is clear from the face of the complaint); *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1178 (10th Cir. 2011) (holding that a prior dismissal on immunity grounds was a strike where the prisoner "*affirmatively asserted* facts" demonstrating immunity (emphasis in original)), *abrogated on other grounds as recognized by Carr v. Zwally*, 760 F. App'x 550, 558 (10th Cir. 2019). There are also cases where an affirmative defense like immunity is so obvious that the suit is frivolous, and dismissal counts as a strike. *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (holding that a dismissal for judicial immunity was a strike because the claim was frivolous). But these are exceptional cases where the affirmative defense is readily apparent without resort to any additional information outside the four corners of the complaint. Such will rarely be the case with immunity-based defenses. *See, e.g., Milstein v. Cooley*, 257 F.3d 1004 (9th Cir. 2001) (discussing at length the complexities of prosecutorial immunity within the context of a Rule 12(b)(6) dismissal). And here, that is decidedly not the case. The district court moved beyond the *Nielsen* complaint not only to consider the defendants' roles, titles, and actions, but to grapple with the legal analysis entitling the defendants to quasi-judicial immunity. Because the court dismissed Harris's *Nielsen* complaint on immunity grounds rather than the grounds that it was frivolous, malicious, or failed to state a claim, we conclude that *Nielsen* is not a strike under § 1915(g).

## IV.

The "denial of [IFP] status effectively, if not physically, denies many indigent prisoners access to the courts." Simone Schonenberger, *Access Denied: The Prison Litigation Reform Act*, 86 Ky. L.J. 457, 474 (1998). In § 1915(g), Congress said what it meant, and we will construe its language strictly and narrowly. "Our task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570 (1982) (internal quotation marks omitted) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)). Unless an incarcerated litigant has accrued three strikes on grounds plainly enumerated in § 1915(g), she is entitled to IFP status. Dismissals for supplemental jurisdiction, failure to serve, and quasi-judicial immunity are not grounds giving rise to strikes under § 1915(g) of the PLRA. With only two strikes from prior litigation, Harris may proceed in this suit with IFP status as long as he is otherwise eligible for IFP status.

**REVERSED AND REMANDED.**