**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EDWARD VINCENT RAY, JR.,
*Plaintiff-Appellant*,

v.

E. LARA,
*Defendant-Appellee.*

No. 19-17093

D.C. No.
5:19-cv-01298-EJD

OPINION

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted December 7, 2021
San Francisco, California

Filed April 11, 2022

Before: Carlos F. Lucero,[*] Sandra S. Ikuta, and
Lawrence VanDyke, Circuit Judges.

Opinion by Judge Lucero

---

[*] The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

**SUMMARY**[**]

**Prisoner Civil Rights**

The panel affirmed the district court's denial of a state prisoner's motion to proceed in forma pauperis in an action brought pursuant to 42 U.S.C. § 1983 alleging unlawful mail tampering.

The district court determined sua sponte that plaintiff was barred from proceeding in forma pauperis (IFP) under the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), and rejected plaintiff's contention that he was under imminent danger of serious physical injury, an exception which allows prisoners to proceed IFP notwithstanding the three-strikes rule. When plaintiff failed to pay the filing fee, the court dismissed the action.

The panel first rejected plaintiff's assertion that the district court erred by failing to provide him an opportunity to be heard on the § 1915(g)'s three-strikes bar as required by *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005) (*Andrews I*). The panel held that the district court clearly identified the three prior dismissals in its order denying plaintiff's motion to proceed IFP. Having placed plaintiff on notice of the three cases that constituted strikes, *Andrews I* was satisfied. Thus, the district court did not err by denying plaintiff's motion without providing him a further opportunity to be heard.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that the district court properly assessed three strikes based on plaintiff's prior dismissals. The first two dismissals, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), qualified as strikes because the *Heck* bar was facially obvious from the face of plaintiff's complaints. The district court properly assessed the third strike, involving a dismissal on the basis of absolute prosecutorial immunity, because it was an exceptional case where the affirmative immunity defense was readily apparent without resort to any additional information outside the four corners of the complaint.

Finally, addressing the imminent danger exception to § 1915(g), the panel joined three other circuits and held that the text, context, and purpose of the PLRA mandate that the imminent danger exception to § 1915(g) requires a nexus between the alleged imminent danger and a prisoner's complaint. Applying this nexus requirement to the case at bar, it was clear that plaintiff did not qualify for the imminent danger exception.

## COUNSEL

Benjamin G. Barokh (argued), Munger Tolles & Olson LLP, Los Angeles, California; Elaine J. Goldenbergh, Munger Tolles & Olson LLP, Washington, D.C.; for Plaintiff-Appellant.

Misha Igra (argued), Supervising Deputy Attorney General; Jaime Ganson, Deputy Attorney General; Monica N. Anderson, Senior Assistant Attorney General; Matthew Rodriquez, Acting Attorney General; Office of the Attorney General, Sacramento, California; for Defendant-Appellee.

**OPINION**

LUCERO, Circuit Judge:

Appellant Edward Vincent Ray, Jr., a state prisoner, alleged that a corrections officer unlawfully tampered with his mail. Ray moved pro se to proceed in forma pauperis (IFP), but the district court denied his motion upon finding that he was barred from proceeding IFP under the "three-strikes" provision of the Prison Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g). In its denial, the district court specifically rejected Ray's contention that he was under imminent danger of serious physical injury, an exception which allows prisoners to proceed IFP notwithstanding the three-strikes rule. When Ray failed to pay the filing fee, the court dismissed the action.

This appeal poses two questions: (1) did the district court properly attribute three strikes to Ray; and (2) must an allegation of imminent danger relate to a prisoner's underlying claim to defeat the PLRA's three-strikes bar? We conclude that the district court's three-strikes determination was substantively and procedurally correct. Further, we hold that the imminent danger exception to § 1915(g) requires a nexus between the alleged imminent danger and a prisoner's complaint. Because Ray failed to establish this nexus, he is barred from proceeding IFP. Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM**.

**I**

Ray, a California state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that corrections officer E. Lara censored and confiscated his mail in violation of the First and Fourteenth Amendments to the United States

Constitution. His complaint further alleged that he was under imminent danger of serious physical injury because he was housed with general population inmates despite his classification as a "Sensitive Needs Yard inmate."[1] Ray filed a motion to proceed IFP on the same day he filed his pro se complaint.

The district court screened Ray's complaint pursuant to the PLRA and denied Ray's motion to proceed IFP. *See* 28 U.S.C. § 1915A. It determined that Ray was barred from proceeding IFP under § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

According to the district court, Ray was subject to the three-strikes provision due to prior dismissals in: (1) *Ray v. Farrell*, No. 3:10-cv-00823-SI (N.D. Cal. Sept. 1, 2010); (2) *Ray v. Basa*, No. 3:10-cv-00895-SI (N.D. Cal. Sept. 1, 2010); and (3) *Ray v. Friedlander*, No. 3:10-cv-01107-SI (N.D. Cal. Sept. 1, 2010). In addition, the district court determined Ray did not qualify for the imminent danger

---

[1] Sensitive Needs Yard inmates are typically housed apart from general population inmates because they are under protective custody status.

exception because he failed to establish a nexus between his complaint and alleged imminent danger.

In its decision, the district court noted that it was permitted to raise the § 1915(g) deficiency sua sponte, provided that Ray was given notice of which earlier dismissals were counted as strikes and an opportunity to be heard.[2] *See Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005) (*Andrews I*). Ray was ordered to pay the full filing fee within fourteen days. After he failed to contest the district court's three-strikes determination or timely pay the filing fee, his action was dismissed. Ray filed a timely pro se notice of appeal in this court and moved to proceed IFP on appeal. In his appellate IFP motion, Ray argued that he was transferred to mixed population prison housing in retaliation for filing a grievance against Lara. A two-judge panel determined Ray had alleged imminent danger of serious physical injury and granted his motion to proceed IFP. After Ray filed his opening brief, we appointed pro bono counsel to represent Ray and directed the parties to address whether § 1915(g) requires a nexus between a plaintiff's claims and alleged imminent danger.

## II

We review a district court's interpretation and application of the PLRA three-strikes provision de novo. *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016). We begin by addressing whether the district court was required to provide Ray additional opportunity to be heard on the three-strikes bar under our

---

[2] The district court concluded that Ray had an opportunity to be heard with respect to his imminent danger allegations because the court fully considered his complaint before ruling on the IFP motion.

decision in *Andrews I*, 398 F.3d 1113. Concluding that no additional process was required, we then consider whether Ray has accumulated three strikes.

## A

Ray argues the district court erred by failing to provide him an opportunity to be heard on § 1915(g)'s three-strikes bar as required by *Andrews I*. He contends the district court was required to either issue an order to show cause identifying three strikes or grant leave to refile his IFP request. However, *Andrews I* involved a very different procedural posture. In that case, defendants moved for summary judgment after the district court granted prisoner-plaintiff's motion to proceed IFP. *Id.* at 1116. They argued Andrews was barred from proceeding IFP under § 1915(g), attaching docket records from over twenty dismissed actions that he brought while incarcerated. *Id.* The district court granted defendants' motion and dismissed his action without prejudice. *Id.* at 1117.

We reversed on appeal, holding that when a defendant challenges a prisoner-plaintiff's IFP status, the defendant carries the burden of production to show that plaintiff is barred from such status by § 1915(g). *Id.* at 1120. Upon making this showing, the burden shifts to prisoner-plaintiff to explain why prior dismissals should not count as strikes under the statute. *Id.* We determined that the defendants in *Andrews I* had not met their burden of production, as the appended dockets did not establish that prior actions were dismissed because they were "frivolous, malicious or fail[ed] to state a claim." *Id.* (quoting § 1915(g)).

By contrast, Ray was never granted IFP status and defendant Lara did not raise the three-strikes bar before the district court. Instead, the court raised § 1915(g)'s bar sua

sponte during screening and denied Ray's motion to proceed IFP. Thus, the burden-shifting framework outlined in *Andrews I* is inapposite. Moreover, *Andrews I* expressly agreed with the Seventh Circuit's approach in *Evans v. Illinois Department of Corrections*, 150 F.3d 810 (7th Cir. 1998). *See Andrews I*, 398 F.3d at 1120. *Evans* held that a district court order denying a motion to proceed IFP must identify three cases found to constitute strikes in order to satisfy the court's notice obligation. *Evans*, 150 F.3d at 811–12. Our express approval of *Evans* undercuts any suggestion that *Andrews I* announced a rule that prisoner-plaintiffs must be given an additional opportunity to respond to a district court's sua sponte adverse three-strikes determination.[3]

In this case, the district court clearly identified three prior dismissals in its order denying Ray's motion to proceed IFP. Having placed Ray on notice of the three cases that constituted strikes, *Andrews I* was satisfied. *See* 398 F.3d at 1120. No part of the relevant statute required the court to provide Ray any additional process. *See* 28 U.S.C. § 1915. Thus, the district court did not err by denying Ray's motion without providing him a further opportunity to be heard.

## B

We next consider whether Ray has accumulated three strikes under § 1915(g). A prior lawsuit constitutes a strike when it "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915(g). "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673

---

[3] Of course, Ray could have moved for reconsideration before the fourteen-day period to pay the filing fee expired, but he failed to do so.

(9th Cir. 2019).  On appeal, Ray argues he should be allowed to proceed IFP because the cases raised by the district court are not strikes under the statute.

Our analysis begins with the first two dismissals cited by the district court, *Ray v. Farrell*, No. 3:10-cv-00823-SI (N.D. Cal. Sept. 1, 2010), and *Ray v. Basa*, No. 3:10-cv-00895-SI (N.D. Cal. Sept. 1, 2010).  Both were dismissed pursuant to the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Court held that a § 1983 damages claim is not cognizable when success on the action would imply the invalidity of a conviction or sentence that has not been reversed or otherwise invalidated. *Id.* at 486–87.  We have held that a *Heck* dismissal "may constitute a PLRA strike for failure to state a claim when *Heck*'s bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA."  *Washington*, 833 F.3d at 1055. Thus, we must consider the complaints in *Farrell* and *Basa* to determine whether *Heck*'s bar to relief was facially obvious in each case.[4]

---

[4] Appellee Lara filed a motion requesting judicial notice of court documents from several cases filed by Ray, including the complaint from *Basa*.  Dkt. 31, Ex. E, at 45–56.  We may take judicial notice of district court records.  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); Fed. R. Evid. 201.  Lara's motion requesting judicial notice is **GRANTED** with respect to Exhibit E, which contains the *Basa* Complaint.  The motion is **DENIED** as moot with respect to the remaining exhibits because, as we explain below, we conclude Ray has accumulated three strikes based on the dismissals cited by the district court.

Although neither party requested judicial notice of the complaint in *Farrell*, this court "may take judicial notice on its own."  Fed. R. Evid. 201(c)(1).  We therefore take judicial notice of the complaint and

In *Farrell*, Ray alleged that a deputy district attorney withheld exculpatory evidence and violated his Sixth Amendment right to confront adverse witnesses during his criminal trial. *Farrell* Complaint, at 2. The district court dismissed the complaint in its entirety, determining that Ray's claims were "squarely within the *Heck* rule because success on them would call into question the validity of his conviction that is now in place." *Farrell*, No. 3:10-cv-00823-SI, 2010 WL 3448316, at *2 (N.D. Cal. Sept. 1, 2010).[5] Ray contends that, although *Farrell* was dismissed pursuant to *Heck*, the *Heck* bar was not facially obvious because the complaint did not explicitly mention the status of his conviction.

We are not persuaded by this argument. As an initial matter, Ray's lawsuit was styled as a prisoner complaint and listed his prison mailing address. *Farrell* Complaint, at 1. Moreover, in a letter attached to his complaint, Ray confirmed he was "in prison awaiting release via [his] appeal." *Id.* at Ex. 2. Success on Ray's claim would necessarily imply that his conviction was obtained in violation of the Sixth Amendment to the U.S. Constitution. *Heck*'s bar to relief was therefore obvious from the face of Ray's complaint and the court dismissed his entire complaint for this reason. *See Washington*, 833 F.3d at 1055. We agree that Ray's prior dismissal in *Farrell* amounts to a strike under § 1915(g) for failure to state a claim.

---

attached exhibits in *Farrell* as well. *See Farrell*, No. 3:10-cv-00823-SI (N.D. Cal. Feb. 26, 2010), Dkt. 1 ("*Farrell* Complaint").

[5] Although Ray's complaint asserted criminal claims under 18 U.S.C. §§ 241 and 242, the district court construed the complaint as a civil rights complaint under § 1983. *Farrell*, 2010 WL 3448316, at *1.

This same reasoning applies to *Basa*. Ray filed that complaint four days after filing *Farrell* in the same court. Dkt. 31, Ex. E, at 45. He alleged that a police sergeant violated his right to counsel during a line up and withheld exculpatory evidence in connection with his criminal trial. *Id.* at 46–47. Both *Basa* and *Farrell* were assigned to the same judge, who issued nearly identical opinions dismissing under *Heck* on the same day. *Id.* at 41–43. As with *Farrell*, *Basa* was styled as a prisoner complaint and listed a prison mailing address for Ray. *Id.* at 45–49. In addition, an attached Oakland Police Department Complaint Form includes Ray's statement, "I'm in prison because of his malfeasance." *Id.* at 50. Thus, the *Heck* bar was also obvious from the face of Ray's complaint in *Basa*, and we agree with the district court that *Basa* constitutes a strike under the PLRA. *See Washington*, 833 F.3d at 1055.

Ray was assessed a third strike for *Ray v. Friedlander*, which was dismissed as barred by absolute prosecutorial immunity. No. 3:10-cv-01107-SI, 2010 WL 3464453 (N.D. Cal. Sept. 1, 2010). We have held that dismissals on immunity grounds are not generally strikes under § 1915(g). *Harris*, 935 F.3d at 675–76. However, there are two exceptions to this rule: (1) "where an affirmative defense, such as immunity, may be so clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim," and (2) "where an affirmative defense like immunity is so obvious that the suit is frivolous." *Id.* at 676. These exceptions apply only "where the affirmative defense is readily apparent without resort to any additional information outside the four corners of the complaint." *Id.*

Therefore, we examine Ray's complaint in *Friedlander* to determine whether dismissal amounts to a strike.[6]

*Friedlander* was filed shortly after *Farrell* and *Basa* and assigned to the same judge. *Friedlander*, 2010 WL 3464453. Ray alleged that a deputy attorney general misrepresented evidence in an appellate brief submitted in Ray's criminal appeal. *Friedlander* Complaint, at 2–3. It has long been established that prosecutors enjoy absolute immunity from damages suits under § 1983 for activities that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). With little discussion, the district court dismissed *Friedlander* on this ground. *Friedlander*, 2010 WL 3464453, at *1 ("Writing the appellate brief on behalf of the State of California in a criminal case is a prosecutorial function squarely within the conduct for which a prosecutor enjoys absolute immunity. The complaint must be dismissed because it is legally meritless."). We agree that writing the appellate brief on behalf of the government in a direct appeal in a criminal case is "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Ray's dismissal in *Friedlander* thus qualifies as a strike for failure to state a claim because it is an "exceptional case[] where the affirmative [immunity] defense is readily apparent without resort to any additional information outside the four corners of the complaint." *Harris*, 935 F.3d at 676.

In sum, the district court properly assessed three strikes based on Ray's prior dismissals in *Farrell*, *Basa*, and

---

[6] We take judicial notice of the complaint in *Friedlander*, although neither party requested it. Fed. R. Evid. 201(c)(1); *see Friedlander*, No. 3:10-cv-01107-SI (N.D. Cal. Mar. 15, 2010), Dkt. 1 ("*Friedlander* Complaint").

*Friedlander*.  We need not consider other dismissals raised by Lara.

**III**

The final question before us is whether the imminent danger exception requires a nexus between a plaintiff's claims and the alleged danger.  Section 1915(g) states in relevant part that a prisoner who has accumulated three strikes shall "[i]n no event . . . bring a civil action or appeal a judgment in a civil action or proceeding [IFP] . . . unless the prisoner is under imminent danger of serious physical injury."  Ray argues this exception does not require a link to his substantive claim, and therefore he is entitled to IFP status regardless of whether a nexus exists.  We disagree and join three other circuits in holding that the text, context, and purpose of the statute mandate that the imminent danger exception to § 1915(g) contains a nexus requirement.

Although we have not explicitly adopted an imminent danger nexus requirement for § 1915(g) in the past, our previous decisions have implied the existence of a nexus. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053–54 (9th Cir. 2007) (*Andrews II*); *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).  In *Andrews II*, we concluded that when one claim in a prisoner's complaint alleges imminent danger, the entire complaint should be permitted to proceed IFP, even if remaining claims do not allege imminent danger. 493 F.3d at 1054.  Our decision assumed that at least one claim must bear a relationship to the alleged imminent danger for the § 1915(g) exception to apply.  *Id.*  Similarly, in *Williams*, we emphasized the relationship between a prisoner's imminent danger allegations and her claims in holding that she could proceed IFP on appeal.  775 F.3d at 1190 ("Williams's allegations are clearly related to her

initial complaint regarding the rumors started by Defendants
. . . .").

Three of our sibling circuits have formally adopted an
imminent danger nexus requirement for § 1915(g). The
Second Circuit first adopted such a requirement in *Pettus v.
Morgenthau*, 554 F.3d 293 (2d Cir. 2009). It rejected
plaintiff's argument that absence of an *explicit* mention of a
nexus in the statutory text foreclosed the possibility of a
nexus requirement. *Id.* at 296–97. Rather, considering the
imminent danger exception's position in the overall PLRA
framework, the court concluded a reasonable reader would
construe the exception narrowly. *Id.* at 297.

In its decision, the Second Circuit emphasized that
"Congress adopted the [PLRA] with the principal purpose of
deterring frivolous prisoner lawsuits and appeals," and
construing the imminent danger exception broadly would
thwart that purpose. *Id.* (quotation omitted). Because the
imminent danger exception operates as a safety valve for
three-strikes prisoners, "[i]ts unmistakable purpose is to
permit an indigent three-strikes prisoner to proceed IFP in
order to obtain a judicial remedy for an imminent danger."
*Id.* *Pettus* also provided guidance on how to determine
whether a nexus exists. Analogizing to standing principles,
the Second Circuit held that, to satisfy § 1915(g), the
allegations in the prisoner's complaint must reveal that
(1) "the imminent danger of serious physical injury that [the
prisoner] alleges is *fairly traceable* to unlawful conduct
asserted in the complaint," and (2) "a favorable judicial
outcome would redress that injury." *Id.* at 298–99.

Both the D.C. and Federal Circuits have adopted a
similar requirement, relying on *Pettus*. *Pinson v. U.S. Dep't
of Justice*, 964 F.3d 65, 71–72 (D.C. Cir. 2020); *Fourstar v.
United States*, 950 F.3d 856, 859 (Fed. Cir. 2020). While

the D.C. Circuit declined to articulate a precise test, *Pinson*, 964 F.3d at 73, the Federal Circuit adopted the Second Circuit's redressability and traceability nexus requirement. *Fourstar*, 950 F.3d at 859. No circuit has concluded that § 1915(g) does not require a nexus between the prisoner's imminent danger and the violations of law alleged in the prisoner's complaint.[7]

We agree with our sibling circuits that the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint. "In a statutory construction case, analysis must begin with the language of the statute itself; when the statute is clear, judicial inquiry into its meaning, in all but the most extraordinary circumstance, is finished." *Harris*, 935 F.3d at 673 (cleaned up). The statutory text in this case reveals no explicit answer to whether a prisoner's imminent danger must be related to his claims. However, the position of the imminent danger clause as an *exception* to the rule that three-strikes prisoners "[i]n no event shall" be permitted to proceed IFP indicates that Congress intended this clause to apply narrowly. *See Pettus*, 554 F.3d at 297 ("[W]hen construing the plain text of a statutory enactment, we do not construe each phrase literally or in isolation. Rather, we attempt to ascertain how a reasonable reader would understand the statutory text, considered as a whole."). Implicit in the text of § 1915(g) is an understanding that the exception functions as a limited safety valve for a prisoner

---

[7] Ray contends that the Third Circuit implied in a footnote that no nexus is required under the statute. *See Gibbs v. Roman*, 116 F.3d 83, 87 n.7 (3d Cir. 1997), *rev'd en banc on other grounds by Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001). Given that the appellant in that case alleged imminent danger clearly related to his complaint, *id.* at 84, we find Ray's argument unpersuasive.

who has exhausted his three strikes but nevertheless faces imminent danger stemming from the violations of law alleged in his complaint. *Abdul-Akbar*, 239 F.3d at 315; *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Thus, a nexus requirement is clear from the face of the text as a whole.

This narrow view of the imminent danger exception also comports with the purpose and context of the PLRA. *See Invesco High Yield Fund v. Jecklin*, 10 F.4th 900, 903 (9th Cir. 2021) ("Interpretation of a word or phrase depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis." (quotation omitted)). The PLRA was enacted in response to a notable increase in prisoner litigation. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). In particular, the three-strikes provision aimed "to disincentivize frivolous prisoner litigation." *Hoffman v. Pulido*, 928 F.3d 1147, 1148–49 (9th Cir. 2019). If we adopt Ray's argument that there is no nexus requirement, "an indigent prisoner with a history of filing frivolous complaints could, by merely alleging an imminent danger, file an unlimited number of lawsuits, paying no filing fee, for anything from breach of a consumer warranty to antitrust conspiracy." *Pettus*, 554 F.3d at 297. Congress could not have meant this narrow exception to swallow the rule. *See id.* We therefore hold that the imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint.

Further, we are persuaded by the Second Circuit's articulation of the nexus test. *Id.* at 298–99 ("In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-

strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury."). By including an exception for prisoners facing imminent danger of serious physical injury in § 1915(g), Congress identified an injury-in-fact for which three-strikes prisoners could seek a remedy. *Id.* at 297–98. Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court.[8]

Applying this nexus requirement to the case at bar, it is clear that Ray does not qualify for the imminent danger exception. Ray alleged only that Lara censored and confiscated his prison mail. He did not allege any imminent danger fairly traceable to Lara's alleged censorship and confiscation of prison mail. *See id.* at 298–99. Instead, he asserted imminent danger due to his prison housing conditions, which he does not allege are unlawful. Ray provides no basis to believe that censorship of his mail contributes to danger he faces as a high-risk inmate housed in general population. Moreover, a favorable judicial outcome would not redress any injury resulting from Ray's housing; it would merely redress allegations of mail tampering. *See id.* Thus, we agree with the district court

---

[8] Although Ray argues we should adopt a but-for causation test, we agree with the Second Circuit that this broader formulation would thwart the purpose of the three-strikes provision. *See Pettus*, 554 F.3d at 299 n.1.

that Ray does not qualify for the imminent danger exception to § 1915(g).[9]

## IV

Because Ray has both accumulated three strikes and failed to establish a sufficient nexus between his alleged imminent danger of serious physical injury and purported mail tampering, he is barred from proceeding IFP. The judgment of the district court is **AFFIRMED**.

---

[9] In Ray's motion to proceed IFP on appeal, he argued that he was relocated within his prison in retaliation for filing a grievance against Lara. This theory of imminent danger was not presented to the district court, but it also fails to satisfy the § 1915(g) nexus requirement. Even assuming Ray satisfied the traceability element under this theory, his alleged imminent danger would not be redressable through the instant action. *See Pettus*, 554 F.3d at 298–99.