**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

**June 30, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

ROBERT ANDREW MULLINS,

    Plaintiff - Appellant,

v.

INTHINK, INC.; INOVAR, INC.;
JESSICA KELLES; MICHAEL OLSON;
BOB STOKES, a/k/a Robert Stokes;
BLAKE KIRBY; SCOTT VENHAUS;
KARSTON SORENSON; TOM
SUNDERLAND; BRIAN DEAN; GREY
MCCLUNE; UNITED STATES OF
AMERICA,

    Defendants - Appellees.

No. 22-4031
(D.C. No. 1:21-CV-00160-TS)
(D. Utah)

_____

## ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Robert Mullins, proceeding pro se,[1] appeals the district court's order dismissing his amended complaint and declining supplemental jurisdiction over his state-law claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

In his original complaint, Mullins sued several entities, the United States, and multiple federal agencies for fraud under the False Claims Act ("FCA"), 31 U.S.C. § 3729, and for conspiracy. The district court screened and dismissed Mullins's complaint under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii), concluding that his FCA claim failed Federal Rule of Civil Procedure 9(b)'s particularity requirement and that his conspiracy claim was inadequately pled. The court granted Mullins leave to amend his complaint.

Mullins's amended complaint names additional defendants and includes several more claims. Along with his FCA claim, there are claims for violations under 18 U.S.C. §§ 2511–12, for habeas relief under 28 U.S.C. § 2254, and state-law claims.

The district court screened the amended complaint, again under § 1915(e)(2)(B)(i)–(ii). It dismissed the FCA claim for failure to satisfy Rule 9(b), the §§ 2511–12 claims for frivolousness, and his § 2254 claim as untimely. The court also declined supplemental jurisdiction over Mullins's state-law claims. And because

---

[1] Because Mullins is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

the court found that further amendment would be futile, it dismissed Mullins's case with prejudice. Mullins now appeals.

## DISCUSSION

A dismissal under § 1915 for failure to state a claim is reviewed de novo. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). A dismissal under § 1915 for frivolousness is generally reviewed for abuse of discretion. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).[2] Likewise, a decision to decline supplemental jurisdiction is reviewed for abuse of discretion. *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1139 (10th Cir. 2004).

In his briefing, Mullins does little to explain how the district court erred in dismissing his claims. As to his FCA claim, Mullins fails to clarify how he's adequately pled the "who, what, when, where and how of the alleged fraud," despite those being minimum showings to satisfy Rule 9(b). *United States ex rel. Sikkenga v. Regence BlueCross BlueShield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (citation omitted), *abrogated on other grounds by Cochise Consultancy, Inc. v. U.S. ex rel. Hunt*, 139 S. Ct. 1507 (2019). It's even less clear how the court erred in dismissing his §§ 2511–12 claims; they are hardly addressed in the briefing, and what little

---

[2] "[W]here the frivolousness determination turns on an issue of law," our review is de novo. *Fogle*, 435 F.3d at 1259. But here, the district court's determination didn't turn on an issue of law; the court dismissed Mullins's §§ 2511–12 claims because he hadn't provided adequate factual allegations. So we review the dismissal of those claims for abuse of discretion.

argument Mullins provides is conclusory. Finally, Mullins doesn't contest the dismissal of his § 2254 claim.

Thus, the district court didn't err in dismissing those claims. And because the court dismissed every claim over which it had original jurisdiction, it didn't abuse its discretion when declining supplemental jurisdiction over Mullins's state-law claims. *See* 28 U.S.C. § 1367(c)(3).

Despite the outcome of this appeal, we don't assess Mullins a strike for purposes of 28 U.S.C. § 1915(g)'s three-strike rule. A strike is generally assessed only if *every* claim in an action is dismissed on one of § 1915(g)'s enumerated grounds: frivolousness, maliciousness, or failure to state a claim. *Thomas v. Parker*, 672 F.3d 1182, 1183 (10th Cir. 2012). By declining supplemental jurisdiction over his state-law claims, the district court did not dismiss those claims on a § 1915(g) ground.[3]

We end by addressing the motions that Mullins has filed during this appeal. His "Motion for Leave of Court to Correct Clerical Errors," "Motion to Toll Time, or, Nunc Pro Tunc Order," and motion to proceed in forma pauperis are denied as

---

[3] At least three other circuits have not assessed strikes when district courts declined supplemental jurisdiction over state-law claims. *See Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1151–52 (D.C. Cir. 2017); *see also Harris v. Harris*, 935 F.3d 670, 674 (9th Cir. 2019); *Talley v. Wetzel*, 15 F.4th 275, 277–78 (3d Cir. 2021).

moot.[4] His "Motion for Leave of Court" to add evidence and enter a default, "Motion for Leave of Court to Add Defendants," "Motion for Turnover Order," "Motion to Disburse Funds," "Motion to Order Cache County Attorney," "Motion to Order U.S. Attorney," "Motion for Leave of Court Under F.R.C.P. 60(a), (b), (c)(1) to Submit Memorandum of Understanding," "Motion to Toll Time on 28 U.S.C 2671–2680 and 31 U.S.C. 3729 et seq.," and "Motion for Leave of the Court Under F.R.C.P. 60(a), (b), (c)(1) for Order to Cache County Attorney" are denied. His "Motion to Remain Sealed, Seal Closed Cases" is also denied, and the clerk of the court shall unseal this case, as Mullins has not persuaded us that it warrants sealing beyond the required 60-day period under 31 U.S.C. § 3730(b)(2).

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[4] We deny Mullins's motion to proceed in forma pauperis as moot because on May 4, 2022, the district court granted his prior request to proceed in forma pauperis on appeal.