**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BENJAMIN FREEMAN,

No. 22-16667

Plaintiff-Appellant,

D.C. No. 2:22-cv-01373-JAT-MHB

v.

DAVID SHINN, Director, Director at
ADOCRR; et al.,

MEMORANDUM[*]

Defendants-Appellees.

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted September 12, 2023[**]

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Arizona state prisoner Benjamin Freeman appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action after denying Freeman's

motion to proceed in forma pauperis ("IFP"). We have jurisdiction under 28

U.S.C. § 1291. We review de novo the district court's interpretation and

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

application of 28 U.S.C. § 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). We affirm.

The district court properly denied Freeman's motion to proceed IFP because Freeman had filed at least three prior actions that were dismissed as frivolous, malicious, or for failure to state a claim, and Freeman failed to allege a nexus between his alleged imminent danger and the unlawful conduct alleged in his complaint. *See* 28 U.S.C. § 1915(g); *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022) ("[I]n order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court.").

Freeman's motion for appointment of counsel (Docket Entry No. 5) is denied.

**AFFIRMED.**