In the

# United States Court of Appeals

## For the Seventh Circuit

No. 22-3032

ERIC D. HOLMES,

*Plaintiff-Appellant,*

*v.*

MARION COUNTY SHERIFF'S OFFICE,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:22-cv-01049-SEB-MPB — **Sarah Evans Barker**, *Judge.*

ARGUED SEPTEMBER 19, 2024 — DECIDED JUNE 20, 2025

Before ROVNER, HAMILTON, and KIRSCH, *Circuit Judges.*

KIRSCH, *Circuit Judge.* In this appeal, we consider whether dismissals due to certain affirmative defenses incur strikes under the Prison Litigation Reform Act. We conclude that because Eric Holmes's previous lawsuits were dismissed based on affirmative defenses that were clear from the faces of the complaints, each dismissal incurred a strike. So we affirm the dismissal of his current suit.

I

Eric Holmes, an Indiana state prisoner, sued Marion County under 42 U.S.C. § 1983 for unlawful imprisonment in violation of the Fourteenth Amendment. Holmes moved to proceed in forma pauperis, but the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104–134, 110 Stat. 1321 (1996), imposes restrictions on a prisoner's ability to do so. Under the PLRA's three-strikes rule, a prisoner who has had three civil actions or appeals dismissed on the grounds that the actions were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted" may not proceed in forma pauperis. 28 U.S.C. § 1915(g); *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020). This rule differs slightly from the PLRA's screening provisions, which in relevant part require district courts to screen and dismiss cases not just for the reasons listed in § 1915(g) but also when a prisoner's complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A; 42 U.S.C. § 1997e(c).

The district court found that Holmes had incurred three strikes and denied his motion. It determined that a case previously dismissed for failure to state a claim because it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), counted as Holmes's third strike. (Holmes does not contest the validity of his first two strikes, so we say nothing about them.) Holmes filed a notice of appeal and moved to proceed in forma pauperis on appeal as well. A motions panel of this court denied that motion. But instead of counting the *Heck*-dismissed case as his third strike, the panel instead said that a different case, dismissed for failure to state a claim in part due to judicial immunity, was the third strike. This case was also dismissed in part for failure to state a claim due to deficiently pleaded

elements, but that is not dispositive because to incur a strike, the court must dismiss the entire case on § 1915(g) grounds. *Turley v. Gaetz*, 625 F.3d 1005, 1008–09 (7th Cir. 2010). Holmes eventually obtained pro bono appellate counsel who paid his appellate filing fee, and his case proceeded to briefing and argument. The questions before us are whether a case dismissed as barred by *Heck* and whether another dismissed because of judicial immunity count as strikes.

## II

### A

We first hold that a case dismissed for failure to state a claim because it was barred by *Heck* counts as a strike under § 1915(g) when the *Heck* bar is clear from the face of the complaint, which includes documents incorporated into the complaint by reference and public records of which the court may take judicial notice.

We have long held that *Heck* is an affirmative defense. *Carr v. O'Leary*, 167 F.3d 1124, 1126 (7th Cir. 1999). In general, a case barred by an affirmative defense is properly dismissed under Federal Rule of Civil Procedure 12(c) as a judgment on the pleadings, not under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Burton v. Ghosh*, 961 F.3d 960, 964–65 (7th Cir. 2020). This might suggest that *Heck* dismissals are not strikes because § 1915(g) enumerates as grounds for a strike the Rule 12(b)(6) standard, not the Rule 12(c) standard. See *Haury v. Lemmon*, 656 F.3d 521, 522 (7th Cir. 2011) (per curiam). But there exists a narrow and pragmatic exception to the general rule that affirmative defenses lead to dismissals under Rule 12(c) rather than Rule 12(b)(6): if the affirmative defense is clear from the face of the

complaint, the court may dismiss under Rule 12(b)(6) instead. *Jones v. Bock*, 549 U.S. 199, 215 (2007). The face of the complaint refers not just to its four corners but includes sources courts ordinarily consider when deciding a Rule 12(b)(6) motion, such as documents incorporated into the complaint by reference and public records of which the court may take judicial notice. See *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). For simplicity, though, we refer to these materials collectively as the face of the complaint. See *Wells v. Brown*, 58 F.4th 1347, 1357 n.2 (11th Cir. 2023) (en banc) (using the same shorthand). So, when the face of the complaint "admits all the ingredients of an impenetrable defense," the plaintiff has pleaded himself out of court, and the district court may dismiss for failure to state a claim under Rule 12(b)(6). *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Thus, if the court ascertains from the face of the complaint that *Heck* bars a case, it may dismiss the case for failure to state a claim, and the *Heck* dismissal counts as a strike. See *Bock*, 549 U.S. at 215; cf. *Wells*, 58 F.4th at 1350 (reaching the same conclusion for the affirmative defense of failure to exhaust); *Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 438 (D.C. Cir. 2007) (similar).

That is what happened here. Holmes incurred a strike because the *Heck* bar was clear from the face of his complaint, and the screening court dismissed the case for failure to state a claim. The record does not tell us precisely what materials the court used, but the complaint shows that Holmes sued prosecutors, judges, and jail officials for actions they took in the lead-up to his conviction—thus violating *Heck* by impugning that still-valid conviction. See *Heck*, 512 U.S. at 486–87 (holding that a prisoner cannot bring a civil suit that would call into question the validity of his underlying criminal

conviction or sentence until he has had that conviction set aside). And the face of Holmes's complaint made clear that he challenged his still-valid conviction. The first page listed his Bureau of Prisons identification number—establishing that he was currently imprisoned—and the public dockets in his other cases would have confirmed his imprisonment was because of the very conviction he challenged. Because the court found the *Heck* bar plain from the face of Holmes's complaint and dismissed it for failure to state a claim, Holmes incurred a strike.

## B

Turning to the second question—whether a case dismissed on judicial immunity grounds incurs a strike—we reach the same result as above. When the judicial immunity defense is clear from the face of the complaint, which includes documents incorporated into the complaint by reference and public records of which the court may take judicial notice, dismissing the case for failure to state a claim because of judicial immunity incurs a strike. See *Harris v. Harris*, 935 F.3d 670, 676 (9th Cir. 2019) ("[T]here are rare cases where an affirmative defense, such as immunity, may be so clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim."); *Ball v. Famiglio*, 726 F.3d 448, 463 (3d Cir. 2013) ("[D]ismissal based on the immunity of the defendant … constitute[s] a PLRA strike … [if] a court explicitly and correctly concludes that the complaint reveals the immunity defense on its face and dismisses the unexhausted complaint under Rule 12(b)(6) or expressly states that the ground for the dismissal is frivolousness."), abrogated on other grounds by *Coleman v. Tollefson*, 575 U.S. 532 (2015).

We recognize that Congress specifically enumerated immunity from monetary relief as a reason to screen out a case under each of the contemporaneously enacted PLRA screening provisions, see 28 U.S.C. §§ 1915(e)(2) & 1915A; 42 U.S.C. § 1997e(c), but that Congress did not include immunity as grounds for a strike in 28 U.S.C. § 1915(g), even though § 1915(g) otherwise mirrors in relevant part the lists in the screening provisions (frivolousness, maliciousness, and failure to state a claim). Holmes seizes on this variation to argue that complaints dismissed at screening because of judicial immunity do not incur strikes. Generally, we agree. So do many of our sister circuits. *Ball*, 726 F.3d at 460–63; *Crump v. Blue*, 121 F.4th 1108, 1112–13 (6th Cir. 2024); *Castillo-Alvarez v. Krukow*, 768 F.3d 1219, 1220 (8th Cir. 2014) (per curiam); *Harris*, 935 F.3d at 675–76; *Thompson*, 492 F.3d at 439; see also *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1178 (10th Cir. 2011), abrogated on other grounds by *Coleman*, 575 U.S. at 532. But not when the judicial immunity defense is clear from the face of the complaint; in that event, the complaint fails to state a claim, and dismissal may lead to a strike. See *Ball*, 726 F.3d at 463 (recognizing this exception); *Harris*, 935 F.3d at 676 (same); cf. *Hafed*, 635 F.3d at 1178 (applying this exception to a dismissal for frivolousness); *Thompson*, 492 F.3d at 438 (recognizing this exception for the affirmative defense of failure to exhaust).

This narrow exception to the rule avoids rendering the screening provisions' enumeration of immunity superfluous. Immunity—particularly prosecutorial and qualified immunity—is often a contestable issue that requires the court to conduct involved legal analysis. When legal analysis is necessary, the immunity defense is not clear from the face of the complaint—the complaint may not admit all the ingredients of the

defense, for instance, or the defense may not be impenetrable. See *Xechem*, 372 F.3d at 901. While the district court might still screen out the complaint after performing such an analysis, any ensuing dismissal based on immunity would not incur a strike because the immunity defense would not be so clear that the complaint fails to state a claim. In this way, the enumeration of immunity in § 1915(e)(2), § 1915A, and § 1997e(c) is not superfluous.

In some cases, a dismissal because of judicial immunity incurs a strike for a different reason: frivolousness. The Second Circuit has determined that such dismissals always constitute strikes: "The IFP statute does not explicitly categorize as frivolous a claim dismissed by reason of judicial immunity, but we will: [a]ny claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of 28 U.S.C. § 1915(g)." *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011). We do not need to go so far. In our view, a complaint against judicially immune defendants can certainly be frivolous. But "classifying a dismissal as a strike depends on the grounds given for it," *Paul v. Marberry*, 658 F.3d 702, 706 (7th Cir. 2011), so the reason the screening court provides for dismissal must guide the strike-counting court. If the screening court dismisses a case against judicially immune defendants by saying the case is frivolous, that is a strike. But we will not ourselves take the step of declaring all dismissals for judicial immunity frivolous. See, e.g., *Mireles v. Waco*, 502 U.S. 9, 12–13 (1991) (deciding a contested issue of judicial immunity); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (same).

Although a prisoner's complaint dismissed because of judicial immunity does not necessarily incur a strike—either on grounds of failure to state a claim or of frivolousness—

Holmes's complaint did. Holmes sought damages against judges in this circuit for writing certain words in a judicial opinion that he did not like. It was therefore plain from Holmes's complaint that the judges acted in their judicial capacities and with jurisdiction and were accordingly immune from suit. See *Mireles*, 502 U.S. at 11–12 (a judge lacks judicial immunity only for "actions not taken in the judge's judicial capacity" or for actions "taken in the complete absence of all jurisdiction"). As a result, the court dismissed the case for failure to state a claim in part because of judicial immunity clear from the face of the complaint. On both this dismissal and the *Heck* dismissal, then, Holmes has struck out.

AFFIRMED