**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

EDWARD VINCENT RAY, Jr.,

               Plaintiff-Appellant,

  v.

METCALF, Correctional Officer; S.
DUNAVEN; BOTELLO,

              Defendants-Appellees.

No. 19-16867

D.C. No. 5:19-cv-01247-EJD

MEMORANDUM*

---

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted July 12, 2022**

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

California state prisoner Edward Vincent Ray, Jr. appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to pay

the filing fee after denying Ray's motion to proceed in forma pauperis ("IFP").

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district

---

     *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's interpretation and application of 28 U.S.C. § 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). We affirm.

The district court properly denied Ray's motion to proceed IFP because Ray had filed at least three prior actions that were dismissed as frivolous, malicious, or for failure to state a claim, and Ray failed to allege a nexus between his alleged imminent danger and the unlawful conduct alleged in his complaint. *See* 28 U.S.C. § 1915(g); *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022) ("[I]n order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**